J. S. MAXWELL, Adm'r. *vs.* T. S. MAXWELL and others,

The provision in sec. 247, C. C. P., that if the referees fail to deliver a report within sixty days from the time the action shall be finally submitted, either party may end the reference, applies only (*as the Court are strongly inclined to think*) to cases in which the reference is by consent, and not compulsory under sec. 245, or at least it does not app'y to a reference to take an administration account made by order of the Court.

By "final submission" is not to be understood the order of* reference or ceasing to take testimony, but when the parties have made their arguments or declined to do so, or when they have told the referees that the case was submitted.

Where a party fails to name a place or person, in the County where the action is brought, where and upon whom notices and pleadings can be served, the filing of such notices and pleadings in the office of the Clerk of the Superior Court shall be sufficient.

It is not the duty of a Judge, in passing on exceptions, to decide all questions of fact without a jury. On the contrary, if the facts depend upon doubtful and conflicting testimony, he may cause issues to be framed and submitted to a jury for information.

[*Rowland* v. *Thompson*, 64 N. C. 170, cited and approved.]

This was a petition filed by plaintiff, as Administrator of John Maxwell, deceased, against the heirs-at-law, to make real estate assets. Heard before *Cloud, J.*, Spring Term, 1872, of the Superior Court of DAVIE.

At Spring Term, 1871, this entry is made : " Referred to Charles Price and B. F. Lunn, to take an account of the personal estate." At Fall Term, 1871, the referees filed a report, to which exceptions were filed. The exceptions being heard, the report was set aside, and an order made that the referees report under former order to the next term of the Court. The referees agreed upon a report, but before it was signed by both of them, the plaintiff, on the 30th day of March, 1872, filed two notices in the clerk's office, notifying the defendants

that he elected to end the reference, as provided in section 247, C. C. P.

The names of Messrs. Boyden and Bailey, attornies, were signed to the answer. No place or person was named, where or upon whom notices could be served. It was admitted that Mr. Boyden was on the Supreme Court bench and that Mr. Bailey lived in the town of Salisbury, and that E. D. Scales represented the defendants before the referees, and these facts were known to the plaintiff. On Monday, Spring Term 1872, the referees filed a report. On that day, plaintiff called the attention of the Court to the notices filed in the office, and insisted that the reference was ended, and moved that issues be drawn and submitted to a jury. His Honor determined, as a question of law, that as the defendants had been notified in pursuance of section 247, C. C. P., that plaintiff had elected to end the reference, and this having been done more than sixty days after the reference was " submitted " and before the report was delivered, the reference was ended, and the parties should prepare to try the action as though the reference had not been made.

His Honor refused to confirm the report. Defendant appealed to the Supreme Court.

*Clement,* for plaintiff.
*Bailey* and *Fowle,* for defendants.

RODMAN, J. 1. We are strongly inclined to think that the provision in sec. 247, C. C. P., that if the referees fail to deliver a report within sixty days from the time the action shall be finally submitted, either party may end the reference, applies only to cases in which the reference is by consent, and not compulsory, under sec. 245 ; or at least that it does not apply to a reference to take an administration account made by the order of the Court. This seems to be so from the words, " from the time *the action* shall be finally submitted,"

Maxwell, Adm'r. *v.* Maxwell and others.

and the further words, "and thereupon *the action* shall proceed," &c.; which are inconsistent with the idea of a reference merely to take an account. And besides, it seems little less than absurd to suppose, that either or both parties can put an end to a reference ordered by the Court, in the exercise of its rightful power.

2. But if the provision be applicable to a reference like this, the laches of the referees, which is the condition precedent to the right to put an end to the reference, does not appear to have existed. By "final submission," we do not understand either the making of the order of reference, or the ceasing to take testimony ; but when, in addition to this, the parties have made their arguments, or declined or omitted on notice to do so, or when the parties have told the referees that the case was submitted. It is exactly analogous to that stage in a jury trial, when the jury are told to take the case and make up their verdict. It does not appear when the final submission in this case was made, and it cannot therefore be said that the referees were in any default when the notice to end the reference was given. The power is given to the parties, not to enable either of them to withdraw his case from what he has discovered or suspects is an unfavorable tribunal, but to prevent laches and undue delay in the referees. The notice was therefore ineffectual.

3. We are of opinion, that under the circumstances the service of the notice was good, under Sec. 80, C. C. P. Service on Mr. Scales might have been good ; if he were proved to be the general attorney of the defendant in the action, it would have been ; otherwise, if he was only an attorney to examine witnesses or argue the case before the referees. But he was not the attorney of the defendant nominated as prescribed in Sec. 80 ; consequently, service need not have been made on him, and the leaving a copy in the clerk's office was good service.

4. We think the Judge erred in holding the reference at an end. If the account was regularly taken and no sufficient

reason appeared for setting aside in gross, it was the duty of the Judge to confirm it, if it was not excepted to ; or if excepted to, to hear the exceptions. But it does not follow, as the plaintiff seems to suppose, that it was his duty to decide, without a jury, all questions of fact made by the exceptions. On the contrary, if any of these were found to depend on conflicting or doubtful evidence, the Judge might cause issues to be framed on these and submitted to a jury for his information. *Rowland* v. *Thompson*, 64 N. C. 710. And the proper time for doing this is after the report is returned and excepted to.

By such a practice, questions proper for a jury are submitted to one, while the benefit of the reference of the general account is not lost.

Judgment is reversed and the case remanded to be proceeded in according to law. The appellant will recover costs in this Court.

PER CURIAM.                              Judgment reversed.