BEADY A. GREEN and J. B. GREEN v. GEORGE J. GREEN.

The misjoinder of unnecessary parties, either as plaintiffs or defendants, is mere surplusage, and under the liberal system of pleading introduced by our Code of Civil Procedure, is not a fatal objection.

A reference made by the Court to take an account to be used in an action pending before it, is not such a reference as can be ended at the election of either party, upon the notice prescribed in the Code of Civil Procedure, sec. 247.

(*Maxwell* v. *Maxwell*, 67 N. C. Rep. 383, cited and approved.)

CIVIL ACTION for the recovery of real property, tried before Buxton, J., at Spring Term, 1873, of UNION Superior Court.

The action was originally brought by one Tilmon Green, to Fall Term, 1869. He having died, the present plaintiffs, B. A. and J. B. Green, devisees under his will, come into Court, and make themselves parties plaintiff.

One of the defenses set up in the answer being of an equitable character, in order to ascertain the amount for which the land was bound, at Fall Term, 1870, a reference was ordered by the Court to the Clerk and S. H. Walkup, Esq., to take an account in the cause. This was done and a report made, which at Spring Term, 1871, was re-referred

The parties were notified to attend on the 13th of August, 1872, before the referees for the purpose of taking the account, but the defendant not appearing, (having been notified by the wrong name) a postponement was had until the 10th of September, 1872, and the parties were again notified. On the 2nd of September, the following written notice was served by the defendant on the plaintiffs. After stating the case, "the referees, S. H. Walkup and G. W. Flow, heretofore appointed in said action, having failed to make their report within the time prescribed by law, you are hereby notified, that I, elect to end said reference, and desire to proceed as though no reference had been ordered.

August 31st, 1872.          (Signed)     G. J. GREEN."

The parties being present before the referees on the 10th of September, 1872, the counsel for the defendant produced before the referees the foregoing notice duly served upon the plaintiffs, and objected to any further proceeding under the reference, on the ground that the reference was terminated by service of the notice in accordance with C. C. P., sec. 247, chap. 5, title 10, the referees having failed to make their report within sixty days.

The objection was overruled, and the referees proceed to take the account. Defendants excepted, and entered their protest in the proceedings.

The referees reported to Fall Term, 1872, at which term the defendants was allowed until the 1st of Febuary, 1873, to file exceptions. At Spring Term, 1873, no exceptions being filed, and the Court refusing to grant further time for that purpose, the plaintiffs moved for a confirmation of the report; whereupon, the defendant renewed the motion made before the referees to set aside the report for the reason apparent on its face, to-wit: the reference had ended upon the receipt of the notice alluded to. His Honor being of opinion, that the provision of sec. 247, C. C. P., were not applicable to a reference to state an account, declined to set

aside the report, but allowed the motion of the plaintiffs to confirm the same. From which judgment the defendant appealed.

Upon the argument, a misjoinder of parties plaintiff was relied to defeat the action. His Honor below was against the defendant on this point.

*Bailey,* for appellant, submitted :

When the case was first constituted in Court, Tilmon Green being plaintiff, the defendant's answer and the reply raised an issue on the *defendant's title ;* but when Tilmon Greene died and the present plaintiffs came into Court as such, the defendant filed a supplemental answer denying *their title.* This, I submit, had the effect to shift the issue from the defendant's title to that of the *present* plaintiffs.

This being so, a reference was erroneous, and the transcript shows a re-reference after the present plaintiffs became such of record.

This was not a reference by consent, such a reference must be only upon the *written* consent of the parties; nor is the present issue made by the substituted supplemental answer the subject of reference under the Code, sec. 245. The defendant's notice to elect to end the reference was brought to the attention of the Court, but while that may not have been the proper remedy, and it is not insisted that it was, it appears from the case that the defendant moved to set aside the report—such is the motion, and if a proper one should be allowed, though based on a wrong reason.

If the Court had no power, as it is submitted it had not to refer the case after B. A. and J. B. Green became plaintiffs, then it ought at the earliest moment to have arrested its steps and granted the motion to set aside the report. For though, *coram non,* yet it is error to confuse a litigation in this way, according to the reasoning deducible from *Dulin*

v. *Howard*, 66 N. C. Rep. 433. How far the rights of litigants may become confused and entangled by encumbering the record with reports and confirmations thereof which the Court had no right to receive or make, it is impossible to conjecture.

But it is the expressed policy of the law as shown by the adoption of the Code system to simplify procedure and disembarrass litigation from all entangling matter.

By the supplemental answer the title of the present plaintiffs is denied—it being alleged that they are only remaindermen—devisees in remainder. No issue is formally framed, but being an affirmation of title on one side in *them*, and denied on the other; it is like confession of lease entry and ouster, and plea of not guilty in the old action of ejectment. No account was or could be in legal contemplation needed, the ordering it was error, the reception of the report and its confirmation error also; the record does not show, but it is inferrible fairly that the report was in favor of the plaintiffs.

As *the point* made is the same according to the view taken below or in this Court, we submit that the appellant should have any benefit legally derivable therefrom.

*Wilson*, contra.

PEARSON, C. J. We can see no error upon the point in respect to the misjoinder of parties plaintiffs urged in the argument, for the facts are not found, and the defendant must be taken to have waived by asking for time to except, &c.; this was the view which his Honor took it, and in this we concur.

By the argument before us this question was suggested for consideration. Under the C. C. P., is a misjoinder, (that is making too many parties plaintiffs,) a fatal objection? We are inclined to the opinion that under the very liberal

system of pleading introduced by C. C. P., the fact of unnecessary parties, either plaintiffs or defendants, is not a fatal objection.

As to the unnecessary parties made *plaintiffs*, it is their own concern, to be made liable for costs ; as to the unnecessary parties made defendants, they are allowed to disclaim and have judgment for costs. By unnecessary parties, defendant is meant parties against whom the plaintiff is not by his own showing entitled to any decree, judgment or order. For illustration, take our case, (as we conjecture the fact to be,) an action for the recovery of land by *Tilmon Green* v. *George Green.* The defendant relies upon an equitable defense, to-wit: that he is entitled to the land on paying certain amounts paid by one Long, under whom the plaintiff derives title with notice of the defendant's equity, which is admitted and a reference ordered by the Court to fix the amount remaining unsatisfied ; pending the proceeding Tilmon Green dies, and B. A. Green and G. B. Green are made party plaintiffs and carry on the action. Now what difference can it make, that instead of B. A. Green and J. B. Green being entitled to the land as devisees, taking the land as tenants in common, the former is tenant for life and the latter is entitled to the remainder in fee? There is no harm done by joining the remainderman as plaintiff, like the case where the seller and the purchaser of a note, there being no endorsement, are both plaintiffs— the joinder is unnecessary, but what harm can it do? So in regard to unnecessary parties defendant, for under the C. C. P., the complaint and answer set out all of the facts, and under a special plea, " former judgment for the same cause of action between the same parties," all of the facts appear by the pleadings, and the joinder of unnecessary parties will be surplusage.

C. C. P., sec. 95 : " A *defect* of parties plaintiff or defendant is ground of demurrer," but too many parties

is surplusage only, cured as above indicated by judgment for costs or disclaimer. A misjoinder of one who is a necessary party is fatal, for he will not be bound by the judgment, this effects the merits; a misjoinder of one who is not a necessary party is surplusage.

Upon the point as to the right of the defendant to put an end to the order of reference, we concur with his Honor. On the facts set out in the replication it only remained to ascertain by an account how the balance stood, and the reference was ordered by the Court to settle the details, and was in no sense a reference of the case by consent of parties. See *Maxwell* v. *Maxwell*, 67 N. C. Rep. 383.

Affirmed.

After this case was argued and decided and an opinion written, Mr. Bailey obtained leave to file a brief as attorney for defendant.

This Court is willing at all times before the opinion is filed, to avail itself of the aid of the members of the bar in "the search after truth," by briefs filed presenting a new view based on the facts of the case, or a reference to additional authorities, directly in point.

Upon a re-perusal of the record, we find that the ingenious argument of Mr. Bailey has no foundation of fact to rest on. He says, by the supplemental answer, it is alleged that "the plaintiffs are only remainder men, devisees in remainder." The record shows the fact to be that the supplemental answer says that there is a misjoinder of parties plaintiff, "that John B. Green who has been made a party plaintiff, with Beady B. Green, has only a claim in remainder, and is not entitled to the present possession according to the rights set up by the plaintiffs;" here is an admission that Beady B. Green is entitled to a present estate according to to the rights set up by the plaintiffs, and the objection is that the remainder man, John B. Green, ought not to have been made a party which has been already disposed of.

We take this notice of the brief of Mr. Bailey out of respect for the learned counsel and with the hope that it will be an admonition to counsel, not to allow their professional zeal to result in overlooking the facts of the case in order to present "a nice point of law."

PER CURIAM.                                  Judgment affirmed.