A. ADRIAN v. MARY SHAW and A. R. CARVER.

*Homestead—Conveyance of.*

The constitutional provision in respect to a homestead is self-executing and vests it in the resident owner; and a conveyance of the homestead in the mode prescribed is effectual to pass the estate, exempt from the debts of the vendor, during his life at least; and this, notwithstanding the vendor may have since removed from the state.

(*Gheen* v. *Summey*, 80 N. C., 187; *Lambert* v. *Kinnery*, 74 N. C., 348; *Littlejohn* v. *Egerton*, 77 N. C., 379, cited and approved.)

CIVIL ACTION to recover Land, tried at Fall Term, 1879, of CUMBERLAND Superior Court, before *Seymour, J.*

A jury trial was waived and the court found the following facts: The *locus in quo* was the residence of John D. Jackson, and worth less than one thousand dollars. It was never laid off as a homestead. Jackson and wife conveyed the same to one McMillan under whom the defendants claim. On April 22, 1872, plaintiff purchased under an execution again Jackson in 1874. One of the judgments on which the sale was made was docketed November 20, 1871, and was for three hundred and forty-eight dollars and forty-seven cents, and the land was sold for less than that amount. Jackson and wife left the state in May, 1872, and have ever since been non-residents. He was insolvent when he left. Judgment, execution, levy, sale, and sheriff's deed were proved by plaintiff.

The question submitted to the court on these facts, was: Whether the defendant is entitled under the homestead provisions of the constitution to the land? or whether the plaintiff has acquired the title and a right of possession under the sheriff's deed? It was agreed that if the court was of opinion with the plaintiff, judgment should be rendered against the defendants for the land and its rental value, which was fifty dollars per annum, as damages for the detention. The court being of opinion with plaintiff, directs that the clerk compute the rental value at fifty dollars per annum from April 20, 1875, the date of the sheriff's deed, to date, and that the plaintiff have judgment accordingly, and a writ of possession. From which ruling the defendants appealed.

*Messrs. Hinsdale & Devereux,* for plaintiff.
*Messrs. McRae & Broadfoot* and *B. Fuller,* for defendants.

ASHE, J. The homestead is a right defined and secured

by the constitution and vests in the resident owner of the land, independent of any legislation on the subject—constitution article ten, section two, which reads: "Every homestead and the buildings used therewith, not exceeding in value one thousand dollars to be selected by the owner thereof, or in lieu thereof, at the option of the owner, any lot in any city, town or village, with the dwelling and buildings thereon, owned and occupied by any resident of this state, and not exceeding the value of one thousand dollars, shall be exempt from sale under execution, or other final process, obtained on any debt."

We are not at a loss for expositions on the force and effect of this provision of the constitution. Cooley on Constitutional Limitations says: "The provision of the constitution which defines a homestead and exempts it from forced sale, is self-executing, at least to this extent, that though it may admit of supplementary legislation in particulars, when itself is not as complete as may be desirable, it will override and nullify whatever legislation, either prior or subsequent, would limit or defeat the homestead which is thus defined and secured." 4th Ed., ch. 4, p. 101. And in this state it is held that the homestead right is a quality annexed to land whereby the estate is exempted from sale under execution for a debt, and it has its force and vigor in and by the constitution. *Gheen* v. *Summey*, 80 N. C., 187. In *Lambert* v. *Kinnery*, 74 N. C., 348, this court held that the title to the homestead is vested in the owner by virtue of the constitution of the state, and no allotment by the sheriff is necessary to vest the title thereto; the allotment by the sheriff is only for the purpose of ascertaining whether there be an excess of property over the homestead which is subject to execution, and that the title to the homestead can only be divested in the mode prescribed in section eight, article ten, of the constitution. In that section it is provided that "nothing contained in the foregoing sections of this article shall

operate to prevent the owner of a homestead from disposing of the same by deed, but no deed made by the owner of a homestead shall be valid without the voluntary signature and assent of his wife, signified on her private examination according to law."

The constitution then vests the homestead right in the resident owner of land and authorizes him to convey it. The vendee must take it with the same quality annexed that had attached to it in the possession of the vendor, that is, to be exempt from executions for the debts of the vendor, at least during his life ; for the homestead is a right annexed to the land and follows it like a condition into whosoever hands it goes, without regard to notice. *Littlejohn* v. *Egerton*, 77 N. C., 379.

We have no doubt it was the intention of the framers of the constitution, when they authorized the owner of the homestead to convey it, that his deed executed in the mode prescribed therein should be effectual to pass the estate, exempt from execution for the debts of the vendor during his life at least ; if so, it became by the conveyance an absolute vested life-estate in the vendee, which could not be defeated by any act of the vendor.

It may be that the owner of a homestead who leaves the state and changes his domicil should be considered as having abandoned his homestead. But the law when it authorizes one to sell his homestead would be untrue to itself and the obligations of justice, if it were to allow the owner to sell it, receive a full and fair price, and then leave it subject in the hands of his vendee to the satisfaction of his debts. We cannot believe that to be the law.

John D. Jackson was the owner of the land in dispute, and a resident of the state. The land was worth less than one thousand dollars. The constitution vested in him a right to hold the land exempt from executions during his life time at least, and authorized him to sell it. He did sell

it in the mode prescribed by that instrument, to McMillan, and McMillan sold to defendant Carver.   We hold the defendant acquired a good and indefeasible title for the life at least of Jackson, against the creditors of Jackson, notwithstanding he may have since removed from the state.

There is error.   The judgment of the court below is reversed and judgment must be entered here for defendant.

Error.                                           Reversed.