The following issues were agreed on and submitted to the jury:
1. Is the plaintiff the owner and entitled to the possession of (155) the land described in the complaint?
2. Does the defendant wrongfully withhold possession of the same from the plaintiff?
3. What damage, if any, has the plaintiff sustained?
The plaintiff offered in evidence two mortgages executed by the defendant to the Mechanics Building and Loan Association of Greensboro — on the land in controversy — the first, bearing date 27 May, 1872, to secure the loan of $210; the second, bearing date 5 May, 1874, to secure a loan of $132.
The plaintiff then introduced in evidence the record of an action in the Superior Court of Guilford, begun on 17 February, 1880, by the Mechanics Building and Loan Association of Greensboro, against defendant, praying for judgment against the defendant for the amount due, and secured by said mortgages, and for the foreclosure thereof by sale; a decree made at Spring Term, 1883, of judgment in favor of the plaintiff against the defendant therein for $290.98, and interest and cost, and an order of foreclosure and sale for the satisfaction of said judgment, and the appointment of a commissioner to make such sale; a report of sale made by said commissioner on 2 July, 1883, to L. M. Scott, at the price of $300; a decree confirming said sale at a special term in July, 1884, and an order to make title to the purchaser. *Page 113 
The plaintiff then offered a deed from the commissioner to L. M. Scott, trustee, bearing date 4 January, 1888, which was duly registered in said county.
The defendant was then examined as a witness in his own behalf and testified that he was married in February, 1852; that he acquired the land in controversy by will of his father, Isaac Lane, at his death in October, 1869; that his wife is still living; that they live upon the land in question; that it is all the land they have, and is not worth over $1,000; and that they have no children; that he owed no other debts at the time of making the mortgages. (156)
The mortgage was executed by the defendant, George D. Lane, alone, and not by his wife.
The presiding judge instructed the jury, upon the evidence, to respond to the first issue, that "The plaintiff is the owner of an estate in fee simple in the reversion after the expiration of the homestead rights of the defendant and his wife in the land described in the complaint."
To the second issue "No."
And to the third issue, "None."
The jury returned a verdict in accordance with the instruction. Judgment was rendered for the defendant.
The plaintiff appealed to the Supreme Court from the judgment, and assigned as ground of error the refusal of the court to instruct the jury to answer first and second issues "Yes," as requested by the plaintiff, and the charge given in lieu thereof by the court, and the judgment rendered.
According to the defendant's testimony, he was indebted to no one else when he executed the mortgages, and there is nothing in the pleadings and evidence to indicate that the mortgaged property had theretofore been allotted as a homestead. There was no restriction, therefore, upon the owner's jus disponendi, and the purchaser, at the sale under the mortgage, acquired a good title as against the defendant mortgagor, subject to the contingent right of dower of the wife if she should survive him. A case exactly in point is Hughes v. Hodges, 102 N.C. 236; ib., 262.
Upon the evidence, the court should have instructed the jury to return a verdict for the plaintiff.
Error.
Cited: Van Story v. Thornton, 112 N.C. 222; Thomas v. Fulford,117 N.C. 685; Brinkley v. Brinkley, 128 N.C. 514; Joyner v. Sugg, *Page 114 131 N.C. 349; S. c., 132 N.C. 591; Rodman v. Robinson, 134 N.C. 505;Shackleford v. Morrill, 142 N.C. 222; Simmons v. McCullin, 163 N.C. 412;Dalrymple v. Cole, 170 N.C. 105.
(157)