R. D. FLEMING v. JOHN GRAHAM.

*Homestead—Judgment—Mortgage—Priority—Lien.*

1. A valid conveyance of land before the allotment of a homestead is a waiver of the right of homestead as to the land thereby conveyed, and the vendee takes it subject to the lien of any judgment docketed prior thereto, but the vendor may subsequently have a homestead allotted to him in other lands.

2. A., being financially embarrassed and without having a homestead allotted, executed a mortgage upon his only tract of land, of less value than $1,000, his wife not joining in the conveyance; the mortgage was filed for registration during a term of the Superior Court, at a subsequent day of which a judgment was rendered against him and duly docketed: *Held,* (1) the lien of the judgment was prior to that of the mortgage; (2) the conveyance was void, the wife not having joined in its execution.

CIVIL ACTION to foreclose a mortgage, tried at Fall Term, 1891, of WARREN Superior Court, *Bryan, J.*, presiding.

The facts are stated in the opinion. There was judgment for defendant, and plaintiff appealed.

*Mr. W. A. Montgomery,* for plaintiff.
*Messrs. R. H. Battle* and *S. F. Mordecai,* for defendant.

CLARK, J.: In *Mayho* v. *Cotton,* 69 N. C., 289, it is said: "Section 8, Art. 10 of the Constitution, applies only to a conveyance of the homestead after it is laid off." This is cited and approved in *Hughes* v. *Hodges,* 102 N. C., 236 (247), with some reservations in which it is said that, though no homestead has been allotted, such conveyance cannot be made by the husband without the assent of the wife, if there are judgments against him which constitute a lien upon the land, and upon which executions might issue and make it necessary to have his homestead allotted.

In the present case the defendant, at the time of the execution of the mortgage, to foreclose which this action is brought, had no realty except that embraced in this mortgage, which is found by the jury to have been worth $830; there was a prior mortgage upon it for several hundred dollars, and the defendant was financially embarrassed and in debt to divers other persons. The mortgage now held by plaintiff was executed by the defendant without his wife joining therein. It was filed for registration in the office of the Register of Deeds for Warren County on March 5, 1884, and was registered on March 10. The term of Warren Superior Court began on 3d March, 1884, and on 6th of March, 1884, a judgment in favor of another party was recovered against the defendant for $362. *The Code,* § 1254, provides that no mortgage shall be valid against creditors of or purchasers from the mortgagor, except from the registration. The registration of the mortgage was on March 10, subsequent to the rendition of the above judgment. It is true that *The Code,* § 3654, requires the Register to forthwith register a mortgage after its delivery to him. It is unnecessary to consider whether this provision could have the constructive effect to date back the registration to the filing, for *The Code,* § 433, provides that all judgments rendered at any Superior Court and docketed during a term thereof, and within ten days thereafter, shall be deemed to have been rendered and docketed on the first day of the term. The judgment was actually rendered on March 6, prior to the registration of the mortgage on March 10, and, by the statute, the judgment was constructively rendered and docketed on March 3, prior to the filing of the mortgage, if the registration of the mortgage shall be constructively dated back to the filing. So, in any aspect of the case, there was a judgment lien having priority to plaintiff's mortgage, upon which execution "might issue and make it necessary to have

the homestead allotted." The mortgage, therefore, was invalid to convey the debtor's interest in such homestead, without the wife having joined in the conveyance. *Hughes* v. *Hodges*, *supra.*

The homestead is a feature introduced into the law of recent years. The decisions in different States are conflicting. In our own State they have not been entirely harmonious. It would seem, however, to be settled that the homestead right is not an estate, but an exemption for a limited period of the property embraced in it from sale under execution. If set apart and allotted, the homesteader cannot convey it without the joinder of his wife in the deed. If not allotted, the owner of land preserves his *jus disponendi*, and can convey it (subject only to the wife's contingent right of dower) without her joining in the deed, except in the specified cases mentioned in *Hughes* v. *Hodges.* If a valid conveyance of land is made by the husband alone when the homestead has not been allotted (in those cases when he can make such), or by the husband and wife whether it has or has not been allotted, the " exemption from sale" *i. e.*, the homestead right as to such land, is thereby waived, and the grantor can have his homestead set apart subsequently in any other land. For the same reason, the grantee in such deed takes the land subject to the lien of any judgment docketed prior thereto. If this were not so, and the exemption continued in force to protect the land in the hands of the grantee, either the homesteader would be debarred from at any time changing his homestead, and would be without the protection of one after conveying land in which it had been or might have been allotted, or else he could take homestead after homestead, as he might acquire land, give to them protection from execution during his life, and till his youngest child became of age, and convey such homesteads successively free from the lien of judgments against him, and thus obtain the benefit

of several homesteads instead of the one guaranteed him. If this were law, upon the termination of the homestead right by the death of such debtor, and the arrival of his youngest child of. age, numerous $1,000 tracts of land would be for sale, which he had kept till then exempt from his creditors.