SHACKLEFORD v. MORRILL.

(Filed October 9, 1906).

*Mortgage Without Joinder of Wife—When Valid—Sale Under Mortgage—Contingent Right of Dower.*

1. A second mortgage executed by the husband, without the joinder of his wife, on his land, is not void because of the embarrassed condition of the husband, manifested by the fact that the first or purchase-money mortgage had not been paid, where there are no docketed judgment liens on the land and no homestead had been set apart, although its value is less than one thousand dollars.

2. Where the husband's land is to be sold under a first and second mortgage, and the wife joined in the execution of the first mortgage only, it is proper for the Court to protect the contingent right of dower of the wife in case the land sells for more than sufficient to pay the first mortgage and costs.

SHACKLEFORD *v.* MORRILL.

ACTION by Green Shackleford and wife against L. V. Morrill, heard by *Judge B. F. Long* at the May Term, 1906, of the Superior Court of GREENE upon an agreed state of facts, the substance of which appears in the opinion of the Court. From a judgment for the defendant the plaintiffs appealed.

*Galloway & Albritton* for the plaintiffs.
*Aycock & Daniels* for the defendant.

BROWN, J. Plaintiff and wife executed a mortgage for the purchase-money of the land described in the complaint, concerning which there is no dispute. The deed for the land was made to the husband. Afterwards, the husband, without the joinder of his wife, executed a second mortgage for a loan of money to the defendant. It is contended that the second mortgage is void without the joinder of the wife, because of the embarrassed financial condition of the husband, manifested by the fact that the first or purchase-money mortgage had not been fully paid. This position is untenable, it being admitted that there are no docketed judgment liens on the land and that no homestead had been set apart, although its value is less than one thousand dollars. The land belonged to the husband and he had the right to execute the second mortgage without the joinder of his wife. This is settled in this State. *Scott v. Lane,* 109 N. C., 154; *Gatewood v. Tomlinson,* 113 N. C., 312; *Hughes v. Hodges,* 102 N. C., 236; *Joyner v. Sugg,* 132 N. C., 591. If the land were to be sold under the second mortgage alone, it would be sold subject to the wife's right of dower, and the purchaser would acquire a good title except as to the contingent right of dower. He would acquire the husband's title and the right of present possession, but if the wife survived the husband she could enforce her right of dower against the land.

The land, however, is to be sold under both mortgages, the first of which is not only given for the purchase-money, but

in the execution of which the wife joined. The purchaser, upon confirmation of sale, will acquire an indefeasible title as against both husband and .wife. It was, therefore, proper for the Court to take into consideration and protect the contingent interest of the wife in case the land sells for more than sufficient to pay the first mortgage and costs.

Affirmed.