### CHADBOURN SASH, DOOR AND BLIND COMPANY v. C. E. PARKER.

(Filed 6 October, 1910.)

1. Homestead — Actions to Declare Void — Parties — Independent Action—Procedure.

   After judgment obtained, the judgment debtor conveyed his lands to defendant who had the sheriff to lay off homestead of the judgment debtor in the lands seized by the sheriff under execution; the judgment creditor brings his action against defendant and the sheriff to have exemption declared void. *Held,* An independent action was properly brought, the vendee and sheriff being the parties to be effected and not parties to the original action of debt; and if a motion in the cause were held proper, the court would treat the present action as such and regard the summons a notice thereof.

SASH CO. *v.* PARKER.

2. Homestead—Action to Declare Void—Independent Action—Procedure.

   An action brought to declare null and void a homestead laid off, under execution, in the lands of a judgment debtor, does not fall within the provisions of Revisal, 699, relating to an erroneous valuation or irregularities, and hence the plaintiff's remedy is not by exception to the valuation of the allotment, and the principle of *res judicata* therein has no application.

3. Homestead—Exemption Right—Estates.

   A homestead in lands is not an estate therein, but a "mere exemption right."

4. Homestead — Judgment Debtor — Vendee — Execution—Constitutional Law.

   To claim a homestead in lands (Constitution, Art. X, sec. 2) it must be owned and occupied by and allotted to the claimant at the time of the issuance of the execution; and the vendee of a judgment debtor cannot claim and have laid off a homestead in the lands conveyed as against a levy by the sheriff thereon under a judgment had against the vendor prior to his deed.

5. Same — Constitutional Law — Legislative Interpretation—Precedents.

   A legislative construction of the Constitution, though not binding on the courts, is entitled to great weight. Revisal, 686, is in accordance with the views of the court, and expresses the proper construction of Constitution, Art. X, sec. 2.

APPEAL from *Whedbee, J.,* at the July Term, 1910, of NEW HANOVER.

The facts are sufficiently stated in the opinion.

*Davis & Davis* for plaintiff.
*S. M. Empie* for defendant.

CLARK, C. J. The plaintiff docketed a judgment against defendant Parker in New Hanover 7 December, 1908. Subsequently said Parker and wife conveyed his lot in Wilmington in said county to the defendant Pae by deed which was duly registered 20 January, 1909. On 30 January, 1909, execution issued upon plaintiff's judgment, whereupon the defendant Pae, who was in possession under his deed from Parker, demanded that Parker's homestead be allotted to said Pae. This the sheriff proceeded to have done over the plaintiff's objection. This is a pro-

ceeding against Parker, Pae and the sheriff to have said allotment declared void and to direct the sheriff to proceed to sale of said lot under the execution in his hands.

The defendants move to dismiss on the following grounds:

(1) That the plaintiff should have proceeded by a motion in the cause. But the defendant Pae and the sheriff were not parties to the original cause and they are the parties to be affected by this proceeding. The defendant Parker has no interest to be affected, for all his interest in the land has been conveyed to the defendant Pae. In *Formeyduval v. Rockwell*, 117 N. C., 320, and *Adrian v. Shaw*, 82 N. C., 474, both relied on by the defendants, the proceeding for the same purpose as herein was by summons. But if it could serve any material purpose to proceed by motion in the cause, the court would not dismiss this proceeding but would treat it as a motion and the summons as a notice. *Jarman v. Saunders*, 64 N. C., 367.

(2) That the plaintiff's remedy is by exception to the valuation and allotment, and (3) that this not being done, the allotment is *res judicata*. But these, as well as the first ground (above given) are based upon a misconception of this proceeding, which is not to call into question the allotment for erroneous valuation or irregularities under Revisal, 699, but to have the allotment declared null and void, because the lot was not "owned and occupied" by the defendant in the execution and because the defendant Pae was not entitled to have Parker's homestead allotted to defendant Pae.

(4) The last exception is that Parker's homestead in the land could be set apart and allotted to Pae. This presents the real question in the case.

Revisal, 686 (Laws 1905, ch. 111), provides: "Conveyed Homestead not Exempt, when.—The allotted homestead shall be exempt from levy so long as owned and occupied by the homesteader, or by any one for him; but when conveyed by him in the mode authorized by the Constitution, Art. X, section 8, the exemption thereof ceases as to liens attaching prior to the conveyance. The homestead right being indestructible, the homesteader who has conveyed his allotted homestead can have an-

other allotted, and as often as may be necessary: *Provided,* this does not have any retroactive effect."

Leaving out unnecessary words, Art. X, section 2 of the Constitution, as applicable to this case, reads as follows: "Every homestead . . . . to be selected by the owner thereof . . . . owned and occupied by any resident of this State, and not exceeding the value of one thousand dollars, shall be exempt from sale under execution, or other final process on any debt."

Clearly the Constitution intends that the homestead shall be exempt only from and after its selection by the owner, and then only such land shall be exempt as shall be owned and occupied by a resident of this State.

So that, according to the true intent and meaning of the Constitution, land must be selected by the owner and allotted before it becomes exempt. But it must also be both owned and occupied by the homesteader, and this at the time of issuance of the execution.

Certainly the defendant Parker was not entitled to have a homestead allotted in land which he had ceased to own and occupy, nor could he convey to Parker a right which he did not possess himself.

Even if the homestead had been allotted to Parker before he conveyed to Pae, when thereby he ceased to be "owner and occupier," his right of homestead in that land ceased, just as it would if he had ceased to be a "resident of this State," which is the third qualification (in addition to "owner and occupier") required by the Constitution to entitle one to be a homesteader. Indeed, even when a homesteader has the above three qualifications, and the homestead has been allotted to him, the homestead may cease as to so much of the homestead as becomes in excess of $1,000 by reason of betterments or enhancement in values. *Van Story v. Thornton,* 110 N. C., 14; *Shoaf v. Frost,* 116 N. C., 677; *McCaskill v. McKinnon,* 125 N. C., 184; Revisal, 691. While the homestead right is indestructible, the particular homestead itself may cease, in whole or in part, in the ways just stated.

Chapter 111, Laws 1905, now Revisal, 686, is a clearly expressed legislative construction in accordance with the above

views. This Court had expressed the same view in *Fleming v. Graham,* 110 N. C., 374, and practically to same effect are *Allen v. Bolen,* 114 N. C., 565, and the reasoning in *Jones v. Britton,* 102 N. C., 169, and other cases which have held that the homestead is a "stay of execution" and "a determinable exemption." *Bank v. Green,* 78 N. C., 247, and other cases. It is true that a different view was held in *Van Story v. Thornton,* 112 N. C., 196, by a divided court, and other cases since (usually with two dissents). The original case which so held, *Adrian v. Shaw,* 82 N. C., 474, was put upon the ground that the homestead was an "estate in land," which has been repeatedly overruled since and the doctrine held that is a "mere exemption right."

In this state of uncertainty, the Legislature of 1905 thought that the public interest required that the matter should be settled and expressed what was, we believe, the preponderating opinion of the bar of the State by the enactment of ch. 111, Laws 1905 (now Revisal, 686). The bill was introduced in the Senate by Senator (since Judge) D. L. Ward, and was favorably reported by Senator O. F. Mason for the Judiciary Committee. In the House, Judge B. B. Winborne, for the Judiciary Committee, reported it favorably with the *proviso* added, which amendment was accepted by the Senate. The Judiciary Committee in both houses were more than ordinarily numerous and able. There appears to have been no minority report and the bill was passed unanimously in both houses.

We would not be understood as holding that the legislative construction is binding on this Court, but it is always held that such construction is entitled to great weight. Especially is this so, when it is a legislative construction of a constitutional provision in which eminent lawyers have concurred and the decisions of the Court have not been uniform. Besides the Constitution does not define the procedure for securing and allotting the homestead, but left it to be provided by the Legislature. In these circumstances, we should be slow to hold an act unconstitutional, for the United States Supreme Court has held that no act should be so held unless it is "proved beyond all reasonable doubt." *Ogden v. Saunders,* 12 Wheaton, 213, Cooley Cons. Lim. (7 Ed.), 254:

Indeed after full consideration we think the Act of 1905 (Revisal, 686) expresses the proper construction. That act has been acquiesced in, and not questioned, for five years. We think the matter should be deemed finally settled as therein expressed.

If the homestead was an "estate" the homesteader would destroy his right if he conveyed the allotted land, thenceforward depriving his children and himself of this constitutional protection, or else he could have a half dozen homesteads, successively taken, but all in force, when the Constitution gives him but one.

The judge properly held that the land in the hands of Pae was not exempt from sale under the execution against Parker.

Affirmed.