M. G. DALRYMPLE v. T. W. COLE.

(Filed 17 November, 1915.)

1. **Deeds and Conveyances—Husband's Deed—Homestead—Dower—Joinder of Wife.**

Where a husband conveys his land without having his wife join in the deed, the grantee acquires the land free from the right of the wife to a homestead, unless the same has been laid off therein to the husband (Const., Art. X, sec. 8; Revisal, sec. 686), but subject to the wife's right of dower, should she survive him.

2. **Same—Contracts—Value of Dower—Trials—Questions for Jury—Judgments.**

Where a husband has contracted to convey his lands for a certain consideration, and he has failed of performance thereof by reason of the refusal of his wife to execute the deed with him, and the purchaser seeks in his action to enforce the performance of the contract, diminished by the wife's interest in the lands, it is proper that the question of the value of this interest be left to the jury and the purchase price accordingly diminished; and as this interest is only the value of her inchoate right of dower, it is reversible error for the trial judge to exclude from the consideration of the jury the value of this inchoate right and substitute the value of the homestead right, when the homestead has not been laid off to the husband, and there is no lien by judgment on the lands.

3. **Same—Mortgages.**

Where there is a mortgage on the lands of the husband executed properly by both husband and wife, and there is also a lien by judgment

---

---

thereon, and the husband has contracted to sell these lands free from encumbrances and pay off the judgment out of the purchase money: *Held*, the execution of the mortgage by the wife releases both her homestead and right of dower to the mortgagee, and as the lien of the judgment has been agreed to be paid out of the purchase money, the purchaser is entitled to judgment that these liens be paid out of the purchase price and the lands be conveyed subject to the wife's inchoate right of dower, the value of which to be ascertained by a jury and deducted from the purchase price.

4. **Deeds and Conveyances—Husband's Deed—Mortgagee—Contracts—Dower —Tender—Payment into Court—Judgments.**

Where the husband has agreed to convey his lands free from encumbrances for a certain price, and there are liens by mortgage thereon, and his wife has refused to join in the conveyance, it is not required that the purchaser, in his action for specific performance, pay the sum agreed upon into court; for it is a sufficient tender when he alleges in his complaint that he was ready, willing and able to do so upon his getting the title for which he had contracted.

APPEAL by both parties from *Adams, J.,* at September Term, 1914, of MOORE.

*George W. McNeill and U. L. Spence for plaintiff.*
*Hoyle & Hoyle, H. F. Seawell and R. L. Burns for defendant.*

PLAINTIFF'S APPEAL.

CLARK, C. J. This case was before this Court on demurrer to the complaint, *Dalrymple v. Cole,* 156 N. C., 353. The defendant on 15 October, 1910, contracted in writing for a valuable consideration to make to plaintiff a good and sufficient deed of conveyance within ninety days for the land set out in the complaint, with covenants of warranty, upon the payment to defendant of $1,400 purchase money. The plaintiff within ninety days demanded the deed and alleged that he tendered the said sum. The jury found upon issues submitted that at the time of the tender of the purchase money and the demand for the deed there were mortgages outstanding upon the property executed by defendant and wife and also a docketed judgment for $100, all of which are liens upon the property.

The plaintiff thereupon tendered a decree that the defendant should execute to the plaintiff a good and sufficient deed in fee simple for the land described in the complaint, with the usual covenants of warranty and relieved of all encumbrances, upon the plaintiff paying into court the contract price of $1,400 and interest thereon from 14 January, 1911, said amount to be applied first to the payment of said mortgages and the judgment and interest which had been found to be a lien against said land, and by the sum of $125.65 which the plaintiff had paid on said purchase money, and further by the "present value of the inchoate right of dower of the wife of the defendant," as damages for failure

of title to that extent, unless said defendant shall in the meantime pro-
cure his wife to join in the execution of said deed with her privy ex-
amination duly taken; with further provision that the defendant make
reasonable effort to procure his wife to execute said deed, and if she
refuse to do so that then "the value of the inchoate right of dower"
should be assessed by a jury at the next term.

The plaintiff assigns as error that the court struck out the words
"inchoate right of dower" in both places and inserted in lieu thereof
the words "except the homestead right."

The question presented is whether the constitutional requirement of
the privy examination of the wife to the conveyance of the homestead
is requisite except when the homestead has been allotted. This Court
has repeatedly held that it is not. The homestead not having been
allotted, and there not being any judgment under which it should be
allotted, for the defendant answers that it was agreed that the judg-
ment (which was for $100) should be paid out of the purchase money,
there was no homestead which required the joinder of the wife. Her
joinder was required to release her inchoate right of dower only,
which might or might not be of greater value than the interest in the
homestead, if it had been allotted.

In *Mayho v. Cotton,* 69 N. C., 292, it was held that the failure of the
wife to join in the conveyance of the tract of land in question was
immaterial so far as the homestead is concerned, because, said the
Court, "Section 8, Art. X of the Constitution applies only to a convey-
ance of the homestead after it has been laid off." To same pur-
port, *Hager v. Nixon,* 69 N. C., 108. These decisions are almost an
contemporary construction of the Constitution.

In *Bruce v. Strickland,* 81 N. C., 267; *Smith, C. J.,* held that the
husband might convey his land, except where there is a dower right,
without the joinder of his wife, unless the homestead had been allotted.

In *Hughes v. Hodges,* 102 N. C., 242, the authority of *Mayho v.
Cotton, supra,* was recognized and followed, though the Court was in-
clined to somewhat modify it (in deference to the decision in *Adrian v.
Shaw,* 82 N. C., 474), where the owner of land being embarrassed, his
land was subject to be sold to satisfy a lien (p. 248). But *Adrian v.
Shaw* has since been overruled, Revisal, 686, and the authorities con-
struing that section. In *Hughes v. Hodges,* 102 N. C., 246, *Avery, J.,*
for the Court, says: "A landowner who is not in debt may convey his
land that has never been allotted to him as a homestead, without the
joinder of his wife in the deed, subject only to her right of dower, if
she survive him, but free from any restriction growing out of the pro-
visions of section 8, Art. X of the Constitution," and on p. 247 he
quotes with approval from *Mayho v. Cotton:* "Neither is it material

that the wife of the defendant assent to receiving a homestead in the
swamp place. Section 8, Art. X of the Constitution, applies only to a
conveyance of the homestead after it is laid off."

In *Scott v. Lane,* 109 N. C., 154, it was held that when no homestead
has been allotted and there are no judgment liens under which a home-
stead might be set apart preliminary to a sale, the owner can convey
his land and pass the entire interest therein, including the homestead
right (except the inchoate right of dower, should she survive him),
without the wife joining in the conveyance."

In *Fleming v. Graham,* 110 N. C., 374, the Court stated: "In
*Mayho v. Cotton* it is said 'section 8, Art. X of the Constitution applies
only to the conveyance of the homestead after it is laid off.' This is
cited and approved in *Hughes v. Hodges,* 102 N. C., 236, 247, with
some reservations, in which it is said that though no homestead has
been allotted, such conveyance cannot be made by the husband without
the assent of the wife, if there are judgments against him which con-
stitute a lien upon the land and upon which executions might issue
and make it necessary to have his homestead allotted." If this modifi-
cation is valid since the adoption of Revisal, 686, yet it would have no
application in this case, since there was no judgment outstanding
save that of $100, which the defendant avers that it was agreed should be
paid out of the purchase money.

Though *Fleming v. Graham, supra,* was questioned in some subse-
quent cases, it has been recognized as the law since the enactment of
chapter 111, Laws 1905, now Revisal, 686, which has been uniformly
followed by the Court since its adoption as the correct construction of
the Constitution, sec. 8, Art. X.

In *Cawfield v. Owens,* 130 N. C., 644, the Court said: "The only
safe rule as to the meaning of section 8, Art. X of the Constitution
must be deduced chiefly from the two cases last cited, *Mayho v. Cotton,*
69 N. C., 289, and *Hager v. Nixon, ib.,* 108. When there is no cred-
itor there is no reason for restricting the owner in the sale of lands
not allotted as a homestead, by any construction placed upon that sec-
tion, because the whole plan of homestead exemption was framed for
the purpose of affording protection against debt. But it does not
follow from the mere fact that a man owes debts that section 8, Art. X
of the Constitution is to be construed to disable him from conveying
his land without the joinder of his wife, unless the deed was executed
with intent to defraud his creditors and no homestead has been al-
lotted to him, or unless the land conveyed to him is subject to the lien
of a judgment or of a mortgage reserving the homestead right, that
cannot be enforced without allotting a homestead in order to ascer-
tain and subject to sale the excess." The mortgages in this case do
not reserve the homestead right.

In *Joyner v. Sugg,* 132 N. C., 593, 594, *Mr. Justice Walker,* speaking for the Court, says: "But we have said, and we now repeat, that the prohibition of section 8, Art. X of the Constitution, against the conveyance of the husband without the voluntary signature and assent of the wife, to be signified by her privy examination, was not intended to become effective until the homestead is actually allotted to the owner of the land. It is provided by that section that no owner of a homestead shall convey it without the assent of his wife, and this necessarily implies that there has been an actual allotment, as no one can be said to be the owner of that which does not exist. The right to the homestead always exists and is guaranteed by the Constitution, but the homestead itself cannot come into existence until it has been 'selected by the owner' of the land and actually allotted, and thereby identified as his homestead. *Mayho v. Cotton* and *Hughes v. Hodges,* supra.

"This very question was involved in *Hager v. Nixon,* 69 N. C., 108, and the meaning of the words of the Constitution, 'owner of a homestead,' as used in the several sections above quoted, was clearly defined. In that case the husband died without owing any debts and without having had any homestead set apart to him. His wife and minor children applied for the allotment of a homestead, and the Court decided that section 5, by which it is provided that 'if the owner of a homestead die leaving a widow' she shall have the benefit of the homestead during her widowhood, meant that the homestead must have been allotted to the husband and he must in that way have become the 'owner of a homestead' before she could have the benefit of it. 'It is implied,' says the Court, 'that the ancestor had been the owner of the homestead, by which, in this connection, must be meant a part of his property set apart and designated as exempt, and not merely land occupied and owned by him.' *Ibid.,* p. 110.

"The words 'owner of a homestead' are used in section 8, by which the sale of the homestead without the assent of the wife is forbidden, and as the Court has said in *Hager v. Nixon, supra,* that the same words in all of the sections must of necessity receive the same construction, the restraint of alienation imposed by section 8 can apply only to a homestead which has been actually allotted. See, also, *Bruce v. Strickland,* 81 N. C., 267. The prohibition of that section cannot therefore affect this case, as there had been no allotment of the homestead when Blaney Joyner executed the deed of trust to Allen Warren."

Besides the above very full and clear exposition of the constitutional provision, the defendant and wife, by executing the mortgage deeds referred to, had already conveyed their homestead in the land in ques-

tion within the meaning of section 686 of the Revisal, and the defendant cannot now be heard to claim a homestead therein.

In *Rodman v. Robinson,* 134 N. C., 505, it is said: "As to the homestead right, it was not necessary for the wife to join in the conveyance, because the answer admits that no homestead had been allotted in this land. *Mayho v. Cotton,* 69 N. C., 289, *approved* in *Joyner v. Sugg,* 132 N. C., 589."

In *Sash Co. v. Parker,* 153 N. C., 130, where the whole subject of the homestead is reviewed in the light of Revisal, 686, the same construction as above is sustained, the Court saying: "According to the true intent and meaning of the Constitution, the land must be selected by the owner and allotted before it becomes exempt." It follows that until it is allotted it is not exempt, and it is not necessary for the wife, so far as the homestead is concerned, to join in the conveyance, though she must join to release her inchoate right of dower.

In *Davenport v. Fleming,* 154 N. C., 291, *Hoke, J.,* cites with approval the above cases of *Sash Co. v. Parker,* 153 N. C., 130, and *Joyner v. Sugg,* 132 N. C., 580. In *Dalrymple v. Cole,* 156 N. C., 353 (which is this case on its former hearing), *Walker, J.,* cited with approval the above rulings in *Mayho v. Cotton,* 69 N. C., 293; *Hager v. Nixon, ib.,* 108; *Hughes v. Hodges,* 102 N. C., 236; *Joyner v. Sugg,* 132 N. C., 580; *Davenport v. Fleming,* 154 N. C., 291, and *Fleming v. Graham,* 110 N. C., 374.

In *Simmons v. McCubbin,* 163 N. C., 412, *Walker, J.,* said: "It has been held for a long time and in many cases that the wife's joinder is not required (in the conveyance of the homestead) unless there is a judgment docketed and in force which is a lien upon the land, or unless the homestead has been actually set apart. Constitution, Art. X, sec. 8; *Mayho v. Cotton,* 69 N. C., 289; *Hughes v. Hodges,* 102 N. C., 249; *Scott v. Lane,* 109 N. C., 155; *Joyner v. Sugg,* 132 N. C., 580; *Rodman v. Robinson,* 134 N. C., 505; *Shackleford v. Morrill,* 142 N. C., 221."

In *Power Corporation v. Power Co.,* 168 N. C., 223, it is said: "The joinder and privy examination of the wife is not necessary to a conveyance by the husband of his realty (subject to the contingent right of dower) except in a deed of his duly 'allotted' homestead. Constitution, Art. X, sec. 8; *Mayho v. Cotton,* 69 N. C., 289; *Joyner v. Sugg,* 132 N. C., 580; *Bruce v. Strickland,* 81 N. C., 267."

Our conclusion is, both upon the authorities and the reason of the thing, that the Court correctly held in *Mayho v. Cotton,* 69 N. C., 294, that "section 8, Art. X of the Constitution applies only to a conveyance of the homestead after it has been laid off." This is the plain meaning of the Constitution and has been the uniform ruling

from *Mayho v. Cotton,* 69 N. C., 294, down to *Power Corporation v. Power Co.,* 168 N. C., 223. The utmost this Court at any time has deviated from that proposition has been in those cases where there was a docketed judgment under which the homestead was required to be laid off. That, however, does not affect this case, as the only judgment here is one for $100, which the defendant alleges that it was agreed should be paid off out of the purchase money, and the wife's joinder in the mortgages released both the homestead and her dower as to those liens. The answer does not set up the homestead as a defense in this action, and the defense would not have availed if it had been pleaded.

We are of opinion that the defendant could make a good and valid conveyance so far as the homestead interest is concerned without the joinder of his wife, but that her joinder is necessary to release her inchoate right of dower. In modifying the judgment tendered by the plaintiff there was

Error.                    DEFENDANT'S APPEAL.

CLARK, C. J. The defendant's appeal requires no consideration beyond the exception that the tender was not sufficient as the jury found under the charge of the court. We need not consider the exceptions as to the sufficiency of the tender, for the property was encumbered by liens beyond the contract price and it was not necessary that the plaintiff should pay $1,400 in court and lose the interest thereon during the five years that this litigation has been pending, while the interest was accumulating upon the liens. It was the duty of the defendant to have paid off and discharged these liens, and when the plaintiff alleged their existence and that he was ready, willing and able to pay the $1,400 into court the defendant should then and there have accepted the offer. *Hardy v. Ward,* 150 N. C., 385; *Trogden v. Williams,* 144 N. C., 192.

Besides, as the defendant's wife refused to join in the conveyance, and it was necessary for the jury to ascertain the value of her inchoate right of dower, the plaintiff could not know until that was done the amount he should pay in, even if there had been no outstanding liens and encumbrances.

The defendant is in default by the failure of his wife to join in the deed releasing her right of dower and in his failure to pay off the liens. He is in no condition to object that the plaintiff did not pay $1,400 in court until he could give a good and sufficient deed to the premises with a release by the wife of her inchoate right of dower or a deduction for the value thereof duly ascertained.

Upon the facts of this case no more was necessary on the part of the plaintiff than the tender in his complaint of the amount of the

purchase money upon the cancellation of the liens and the tender of a good and sufficient deed on the part of the defendant with covenants of warranty. The judgment of the court that the defendant should specifically perform upon the plaintiff now paying into court the $1,400 purchase money with interest thereon from 13 January, 1911 (the expiration of the ninety days), was correct. It is not necessary to consider the exceptions, therefore, as to the actual manner and mode of the tender of the $1,400 before that time.

In the defendant's appeal

No error.