R. H. HALL v. A. H. DIXON ET AL.

(Filed 17 October, 1917.)

**Homestead—Husband and Wife—Deeds and Conveyances—Joinder of Wife—Mortgages—Judgments—Liens—Constitutional Law.**

A docketed judgment against a husband, constituting a lien on his lands, requires the laying off of his homestead, and in such instance he may not make a valid mortgage, free of all homestead rights, without properly joining the wife in the instrument; and where liens by judgment exist on his lands, and he attempts to mortgage them without joining his wife, the mortgagee can acquire no superior lien to those of subsequent mortgages, duly recorded, in which the wife has joined. Const., Art. X, sec. 8.

CIVIL ACTION, tried before *Lyon, J.,* at March Term, 1917, of DUPLIN, upon an agreed state of facts.

From the judgment rendered, the plaintiff appealed.

*George R. Ward for plaintiff.*
*Stephens & Beasley for defendant.*

BROWN, J. The action is brought to subject a certain tract of land to the payment of certain debts secured by mortgage liens thereon, and to foreclose the same. The facts are, that the defendant Dixon and wife executed a mortgage, 5 June, 1903, to J. O. Carr, now the property of J. S. Carr. Mallard & Bryant docketed a judgment against Dixon, 31 July, 1906, which, it is admitted, is now barred by the statute of limitations. On 13 April, 1908, Dixon executed a mortgage to Farrior, Sykes & Co., in which his wife did not join. On 6 February, 1912, Dixon and wife executed a mortgage to Oscar and Jesse Fussell. On 7 August, 1913, Dixon and wife executed a mortgage to Oscar Fussell. All of the mortgages were duly recorded at the time when dated. The land conveyed was worth less than $1,000, 13 April, 1908, and Dixon owned no other land.

It is contended here that the mortgage to Farrior, Sykes & Co., in which Dixon's wife did not join, is void as against the other mortgages and is a fourth lien upon the property. The plaintiff contends that it is not void as against the other mortgages and is a second lien on the property. It is admitted that Dixon's homestead had never been allotted and it is settled by judicial decision that ordinarily in such case the wife's joinder is not necessary to pass title to the homestead. It was first held in *Mayo v. Cotten,* 69 N. C., 294, that section 8, Article X of the Constitution applies only to the conveyance of a homestead which has been laid off, but the rule stated in *Mayo v. Cotten* was modified in *Hughes v. Hodges,* 102 N. C., 248, so far as not to apply when the owner

of the land is embarrassed with debt and his land is subject to be sold to satisfy the lien of a judgment already docketed. In that case it is held that the owner of land can convey the same absolutely or by way of trust or mortgage, free of all homestead rights, without the assent of his wife, except in certain cases, and one of the cases is where no homestead has been allotted, but where there are judgments against him which constitute a lien on the land, and upon which execution might issue and make it necessary to have the homestead allotted.

It is contended by the plaintiff that the case of *Dalrymple v. Cole,* 170 N. C., 102, overrules *Hughes v. Hodges* and does not recognize the above exception to the rule which ordinarily requires the wife to join in the deed in order to convey a homestead. *Hughes v. Hodges* has been cited in many cases and acted upon to such extent that it has practically become a rule of property. The principle laid down in it is recognized in the opinion of the Chief Justice in *Dalrymple v. Cole,* who, after adverting to the ruling in *Mayo v. Cotten,* says:

"The utmost this Court has at any time deviated from that proposition has been in those cases where there was a docketed judgment under which the homestead was required to be laid off. This does not affect this case, as the only judgment here is one for $100, which the defendant alleges that it was agreed should be paid out of the purchase money, and the wife's joinder in the mortgage released both the homestead and her dower as to those liens."

We are therefore of opinion that his Honor correctly held, in view of the fact that there was a judgment docketed 13 April, 1908, and which was a lien upon the land at the time of the execution of the subsequent mortgages, that these mortgages have priority over the mortgages to Farrior, Sykes & Co., in which the wife did not join, and which, therefore, are void.

The judgment of the Superior Court is

Affirmed.