JAMES R. DAVENPORT v. JOSEPH FLEMING.

(Filed 8 March, 1911.)

1. Homestead—Interest—Estates.

A homestead in lands is not an estate therein, but a mere exemption right.

2. Deeds and Conveyances—Creditors—Trustees—Homestead—Residue or Remainder.

The general power of alienation incident to ordinary ownership of real property exists as to all the residue or remaining interest in the lands over the homestead exemption, whether the exemption has or has not been allotted, Article X, section 8, of the Constitution applying alone to the homestead interest, and none other.

3. Deeds and Conveyances—Creditors—Trustee—Homestead Reserved—Purchaser—Estate Acquired.

A valid deed in trust made by a debtor in favor of his creditors, reserving to himself his homestead in lands conveyed therein, passes to the grantee all his right, title, and interest in the lands conveyed, excepting his homestead interest expressly reserved; and when such homestead interest determines by the death of the parties entitled, or by any of the recognized methods of abandonment, it does so in favor of the grantee.

4. Deeds and Conveyances—Trustees — Registration — Creditors — Subsequent Judgment—Homestead—Trespass — Injunction—Interpretation of Statutes.

A debtor made a deed in trust for the benefit of his creditors, expressly reserving the homestead. The trustee in the deed after allotment sold the land to the wife of the debtor, in a transaction without suggestion of fraud or irregularity: *Held,* a judgment creditor whose judgment was obtained subsequent to the execution and registration of the trust deed acquired no interest in or lien upon the homestead, and could not enjoin the cutting of the timber, within the allotted homestead, by the husband, acting therein under the direction of his wife. Revisal, sec. 686, is, expressly, to have no retroactive effect, and is inapplicable to this case; but if otherwise, by construction, the result is the same.

APPEAL from *Ward, J.,* at September Term, 1910, of PITT.

Civil action, heard on return to a preliminary restraining order.

On the hearing the relevant facts and disposition of the cause in the court below were made to appear, as follows:

1. That Joseph Fleming, the defendant, on 28 October, 1892, as appears of record in book M-5, page 253, in the register of deeds' office of Pitt County, conveyed the lands therein described to one Lunsford Fleming to secure creditors, and in the said deed of trust said defendant, Joseph Fleming, reserved his personal property and homestead exemption to be set apart, etc."

2. That on 12 December, 1892, the homestead of the defendant was duly allotted and set apart to him by metes and bounds as set out in the complaint.

3. That Lunsford Fleming, exercising the powers contained in the deed of trust of October, 1892, on 29 April, 1893, sold the lands conveyed in the said deed of trust before the courthouse door at Greenville, N. C., at public sale, as follows: (1) The reversion in that portion of the land which had been allotted to Joseph Fleming as a homestead; (2) all of said land conveyed in the said deed of trust except the homestead. At the sale, Isabella Fleming, wife of the defendant, Joseph Fleming, became the purchaser, both of the reversion to the homestead and of the lands outside of the homestead, receiving a deed on 29th of April from Lunsford Fleming, trustee: first, for the reversion of the homestead, and, second, to all the lands conveyed in the deed of trust aforesaid outside of the homestead, which deed was duly recorded and regularly admitted to registration in Pitt County.

4. That the plaintiff recovered the judgments, as set out in the complaint, 28 January, 1893, and at March Term of Pitt Superior Court, 1898.

5. That it is admitted in the pleadings that the defendant, Joseph Fleming, has cut timber from the lands included in the boundaries of the homestead as allotted, but his answer asserts that he cut the timber by the authority and under the direction of Isabella Fleming, owning the reversion to the homestead, and this is not denied; and that as a matter of law the defendant asserts that the judgments as set forth in complaint of plaintiff have never attached as a lien on the reversion to said homestead.

DAVENPORT *v.* FLEMING.

On these admitted facts in the record, the court holds, as a matter of law, that Mrs. Isabella Fleming is the owner of the reversion to the homestead; that the judgments set out in the complaint never attached thereto, and that the plaintiff has no lien thereon for which he can ask a protection of his security. It is, therefore, on motion, adjudged and decreed that the restraining order in this case heretofore issued be dissolved.

The plaintiff having intimated that he would take the case to the Supreme Court, it is agreed that the defendant be restrained from cutting timber upon said land until after a decision of the Supreme Court in this cause.

G. W. WARD,
*Judge Presiding.*

Plaintiff appeals to the Supreme Court; notice waived, and bond fixed at $25.                         WARD, *Judge.*

By consent, timber not to be cut till case is reviewed by Supreme Court.                         WARD, *Judge.*

*Jarvis & Blow for plaintiff.*
*Harry Skinner for defendant.*

HOKE, J., after stating the case: In *Fulp v. Brown,* 153 N. C., p. 533, the Court, in speaking to the question presented, said: "While our decisions have not been in entire accord as to the exact nature of the homestead interest referred to in these provisions, it has come now to be accepted doctrine that they do not create a new estate or confer any new property rights in an old one, but only an 'exemption right'—a 'determinable exemption,' as it has been called in some of the cases, operating on the creditor and the agencies provided for the collection of the debt by law and requiring, in the case of real estate certainly, that the exemption be given effect before a valid sale can be made." This, and a decision at same term in *Sash Co. v. Parker,* 153 N. C., 130, in which it was held among other things, "That a homestead in lands is not an estate therein, but a mere exemption right," were in recognition of the principle contained and established in the case of *Joyner v. Sugg,* 132 N. C., 580. That was a petition to rehear

a decision in the same case, 131 N. C., 324, and the Supreme
Court in upholding the petition and in reversal of its former
ruling held in effect that the homestead interest provided for
in Article X of our Constitution was only "an exemption right,
a determinable exemption," and that where this right obtained,
whether it had been allotted or otherwise, the general power
of alienation incident to ordinary ownership of real property
continued to exist as to any and all the residue or remaining
interest in the property, and unaffected by the restrictive fea-
tures of section 8 of Article X, these features applying only to
the homestead interest itself, and none other. In the case re-
ferred to, the position indicated was declared and maintained in
a learned and elaborate opinion by *Associate Justice Walker*,
for the Court, as expressing the correct purport and meaning
of the constitutional provision, as being grounded in right
reason and in line with a large number of well-considered de-
cisions bearing directly on the subject. From this, we think
it follows that when the ownership of a tract of land and any
and all interest therein, except this homestead interest, has been
passed from the debtor by valid conveyance, and such home-
stead interest determines by the death of the parties entitled,
or by any of the recognized methods of abandonment, it does
so in favor of the grantee in such conveyance; and where such
conveyance has become effective before a judgment is docketed,
that there is no estate in the debtor to which a judgment lien
could attach and no interest of the judgment creditor in the
property that would call for or permit the interference of a
court in his behalf by injunction or otherwise.

In the present case, prior to any judgment docketed or any
lien acquired, the debtor conveyed the entire land in trust for
creditors, "reserving from the operation of the instrument the
homestead and personal-property exemption of the said Joseph
Fleming." After the execution of this deed, the homestead
having been duly allotted, the trustee sold and conveyed the
tract of land except the homestead, and also the reversion after
the homestead interest, to Isabella Fleming. There is no
allegation or suggestion of fraud or irregularity in the trans-
action, and on the facts in evidence, and applying the princi-

ples recognized and upheld by the decisions referred to, we are of opinion that there is no right in the judgment creditor to stay the cutting of timber on the land contained in the homestead. This position in no way conflicts with the decision in *Jones v. Britton,* 102 N. C., 166, to which we were referred by counsel. In that case the reversion in the land after the homestead interest was in the debtor at the time the judgment lien attached, and the debtor was restrained from destructive waste. The complaint alleged, and the evidence tended to show, that "At the time said judgment was docketed the defendant was entitled to the right of homestead and was *seized* and *possessed* of the land, etc.," and the ruling as stated was based on the fact that the debtor owned the land when the judgment was docketed.

A construction of section 686 of the Revisal does not seem to be involved in this appeal, for the section itself contains the provision that the same shall have no retroactive effect, and the determinative facts all transpired before the section was enacted. Chapter 3, sec. 3, Laws 1905. But if it were otherwise, the same position would prevail. A perusal of the entire section gives clear indication that the portion of the law providing for the enforcement of liens which attach prior to the conveyance of the homestead refers to liens which attach to the land on which the homestead had been or may be allotted. Accordingly, in a recent case construing the statute, *Sash Co. v. Parker, supra,* it appears that the judgment debtor owned the land at the time the lien attached. The decision in *Joyner v. Sugg, supra,* was made on facts very similar to those presented here, the headnote being as follows: "A deed in trust by the husband, in which the wife does not join, reserving the homestead of the grantor therein, conveys the entire land contained in the deed of trust, subject only to the determinable exemption in $1,000 thereof from the payment of the debts of the grantor during his life"; and the case throughout is an apt authority in support of the present ruling.

There is no error, and the judgment below is

Affirmed.