A jury trial being waived, the court found the facts and rendered judgment denying the relief prayed and dismissing the action. Plaintiffs appealed.
By this action the plaintiffs seek to subject certain land in Laurinburg, Scotland County, to the payment of a judgment duly rendered and docketed in 1885 in favor of W. F. and D. D. Gibson v. W. H. McLaurin, which judgment is now the property of plaintiffs. The defendants plead the statute of limitations and an estoppel by judgment of record. We will consider only the former. The following is a brief summary of the facts found by the court:
The land sought to be impressed with the alleged judgment lien was acquired in fee simple by W. H. McLaurin about 1866. On 1 (461) July, 1879, said McLaurin conveyed all the land to J. C. Everett in fee simple by deed containing covenants of general warranty, reserving to the grantor "the right of the homestead." At February Term, 1885, of Richmond Superior Court W. F. and D. D. Gibson (under whom plaintiffs in this action claim) obtained judgment against W. H. McLaurin which was duly docketed. On 2 April, 1885, execution was issued upon this judgment, and the sheriff allotted a homestead to the judgment debtor, the homestead allotted being on a part of the landwhich said McLaurin had sold and conveyed to J. C. Everett on 1 July,1879, prior to the rendition of the judgment under which the homesteadwas allotted. McLaurin was living upon that part of the land when the homestead was allotted, and continued to live there until his death in 1913.
In 1891 J. C. Everett conveyed the entire land conveyed to him to W. N. Everett, trustee, who conveyed it in 1896 to Laura D. McLaurin. She executed a mortgage to John F. McNair, who duly foreclosed the same 18 April, 1898, and conveyed the land by deed in fee to W. H. McLaurin, the original owner of the land whose homestead had been set apart on it. At this date the judgment sued on was admittedly barred by the statute of limitations unless the running of the statute was suspended by operation of section 685 of the Revisal, which reads as follows:
"The property, real and personal, specified in the third subdivision of this section, and the homestead of any resident of this State, shall not be subject to sale under execution or other process thereon except such as may be rendered or issued to secure the payment of obligations contracted for the purchase of the said real estate, or for laborers' or mechanics' lien, for work done and performed for the claimant of said homestead, or for lawful taxes: Provided, that the allotment of the homestead shall, as to all property therein embraced, suspend the running of the statute of limitations on all judgments against the homesteader during the continuance of the homestead: Provided further, that the owners of judgments docketed since 11 March, 1885, shall have two *Page 511 
years from the 1st day April, 1901, within which to assign and set apart the homestead under such judgment; the suspension of the statute of limitations shall be suspended not only as to the judgment under which the homestead is allotted, but as to all other judgments."
This statute has been discussed and applied in the recent case ofBrown v. Harding, 171 N.C. 686, and under that decision there could be no question as to the correctness of plaintiff's contention that the judgment lien is protected by the statute during the existence of the homestead, but for the conveyance in 1879 to J. C. Everett, some years prior to the rendition and docketing of the judgment. This (462) deed conveyed to Everett in fee the entire tract of land by metes and bounds, "together with its appurtenances, reserving the right of the homestead." It is to be observed that the deed did not reserve or except a specifically described part of the land upon which a homestead had been or was to be set apart.
Had it done so, there would have been left in the grantor a reversionary interest or estate in the land allotted as a homestead upon which the judgment when docketed would have been a lien. As such reversionary interest or estate could not be sold under execution during the existence of the homestead, the judgment lien would have been protected by the suspension of the statute of limitations until the homestead expired. But the deed reserved only the right to a homestead, and there was no estate in the land left in McLaurin upon which the judgment would be a lien.
As the only interest McLaurin had in the land at the date the judgment was docketed was a bare right to a homestead, if this right was not an estate in the land, then he had no interest to which the lien of the judgment could attach. For some time after the Constitution of 1868, creating a homestead in land, was adopted there was much confusion in the judicial mind as to the nature and character of the homestead. JudgePearson defined it as a "determinable fee," endeavoring to correlate it with some estate known to the common law, of which he was a recognized master. Since then the homestead has been defined as a mere determinable exemption, Joyner v. Sugg, 132 N.C. 580; Fleming v. Graham, 110 N.C. 374. A mere stay of execution, Bank v. Green, 78 N.C. 247. An exemption merely, Markham v. Hicks, 90 N.C. 204. A quality annexed to the land,Littlejohn v. Egerton, 77 N.C. 384; Hughes v. Hodges, 102 N.C. 236. A privilege only, Simpson v. Wallace, 83 N.C. 481. A mere exemption right,Fulp v. Brown, 153 N.C. 533; Sash Co. v. Parker, 153 N.C. 130. The measure of the debtor's privilege, Campbell v. White, 95 N.C. 345. *Page 512 
It is now settled beyond controversy that whatever else it may be, a homestead is not an interest or estate in land. Although it has always been held that a conveyance reserving the right of the homestead is valid and enforcible (Smith v. McDonald, 95 N.C. 163; Ex Parte Brach,72 N.C. 106), and that such a reservation is neither conclusive nor presumptive evidence of fraud (Davis v. Smith, 113 N.C. 94; Bank v.Whitaker, 110 N.C. 345), there was formerly some doubt as to the effect of such a conveyance, and the character and extent of the title and estate which passed to a grantee under such a deed. But the (463) matter has finally been settled by this Court in Joyner v. Sugg, 132 N.C. 580, where it was said by a unanimous Court: "We cannot understand why a conveyance of land subject to the owner's right of exemption should not be permitted to have full force and effect and to convey all the interest he has in it, subject only to his right to use and enjoy it during the period of the exemption. This is all the Constitution secures to him, and every principle of law and public policy requires that his right of alienation should be as little hampered as possible."
The principle thus announced has been adhered to to such an extent as that it has become a well settled doctrine under our law. Robinson v.McDowell, 133 N.C. 182; Rodman v. Robinson, 134 N.C. 505; Davenport v.Fleming, 154 N.C. 291; Dalrymple v. Cole, 156 N.C. 353; 170 N.C. 102.
The precise question presented in the case at bar was before the Court in Davenport v. Fleming, 154 N.C. 291, and the decision in that case is controlling. It was there said, at page 294: "It follows that when the ownership of a tract of land and any and all interest therein except the homestead interest has been passed from the debtor by valid conveyance, and such homestead interest determines by the death of the parties entitled, or by any of the recognized methods of abandonment, it does so in favor of the grantee in such conveyance, and where such conveyance has become effectivebefore a judgment is docketed, there is no estate in the debtor to which ajudgment lien could attach and no interest of the judgment creditor in the property that would call for or permit the interference of a court in his behalf by injunction or otherwise.
"In the present case, prior to any judgment docketed or any lien acquired, the debtor conveyed the entire land in trust for creditors, reserving from the operation of the instrument the homestead exemption of said Joseph Fleming.
"After the execution of this deed, the homestead having been duly allotted, the trustee sold and conveyed the tract of land except the homestead, and also the reversion after the homestead interest, to Isabella Fleming. There is no suggestion of fraud or irregularity, and on the *Page 513 
facts in evidence and applying the principles recognized and upheld by the decisions referred to, we are of opinion that there is no right in the judgment creditor to stay the cutting of the timber on the land contained in the homestead."
This case is on "all-fours" with the case at bar, as the only land sought to be impressed with a lien is the land allotted to W. H. McLaurin as his homestead.
The homestead itself, that is, the right of the judgment debtor (464) with respect to the land embraced within the homestead allotment is, of course, not subject to execution, and the judgment is not a lien thereon. Constitution, Art. X, sec. 2; Revisal, secs. 629, 685; Rankinv. Shaw, 94 N.C. 407, and cases cited; Black on Judgments, secs. 424 and 425.
The plaintiffs, recognizing the effect of these decisions, contend that when McLaurin acquired title in fee in 1898 to the land covered by the homestead the judgment then became a lien upon the reversionary interest, subject to the homestead.
That would be true if the judgment then had any vitality, but as the statute had not been suspended up to that time, it was barred. The Revisal, sec. 574, limits the lien of a judgment to such lands as the judgment debtor owns at the docketing of the judgment or shall acquire within ten years thereafter.
As we have shown, the judgment when docketed was not a lien on the reversionary interest because McLaurin did not own it. When McLaurin did acquire it, the statute of limitations had barred the judgment.
The only reason for keeping a judgment in full force and effect during the existence of the homestead is to subject the reversionary interest to its payment when the homestead expires, as such interest cannot be sold under execution during the life of the homestead.
In Bruce v. Nicholson, 109 N.C. 202, it was said: "The lien only attaches and secures the right of the creditor to have the judgment debt paid out of the proceeds of the sale of the property, made under the ordinary process of execution or other proper process or order of the court. The lien extends to and embraces only such estate, legal orequitable, in the real property of the judgment debtor as may be sold ordisposed of at the time it attaches."
Therefore, where the judgment debtor has conveyed the reversionary interest before the judgment lien attaches, there is no reason to preserve the judgment in force beyond the statutory period, as has been declared in several decisions of this Court. *Page 514 
In McDonald v. Dickson, 85 N.C. 253, it was said: "Even then (after the allotment of the homestead) the cessation of the statute is only as to debts affected by such allotment, that is, as to judgments docketed in the county where the homestead is situate, and solely with reference to their
LIENS upon the reversionary interest in such lands. As to every debt, except judgments docketed, and for every purpose except that of enforcing their liens upon the reversionary interest after the falling in of the homestead interest, the statute runs and may become a bar."
(465) In Morton v. Barber, 90 N.C. 401, it was said: "This Court has held that the provisions of that act (the statute suspending the running of the statute of limitations) were only intended to apply where the homestead had been actually allotted, and only as to debts affected by such allotments, i.e., to judgments docketed in the county where the homestead is situated, and solely with reference to their liensupon the reversioning interest in such lands."
In Cotten v. McClenahan, 85 N.C. 258, it was said: "There is no stay to the statute until there has been an allotment of the homestead, and then only to the enforcement of the liens of docketed judgments upon theinterest in reversion. As to all other debts and for all other purposes the statute runs."
We are unable to see the force of plaintiff's contention that the defendants, claiming under McLaurin, are estopped to deny that he was seized in fee of the land allotted as homestead.
In our opinion, that position is not supported by reason or authority. The defendants do not deny that McLaurin's homestead was allotted to him on this land, but they aver that at the time of its allotment he had conveyed away the reversionary interest some years before the judgment was rendered.
The allotment of a homestead under execution without exception or appeal by the debtor is an estoppel of record against him, and he cannot dispute the validity of the allotment proceedings. Spoon v. Reid, 78 N.C. 244. That is to say, the judgment debtor cannot thereafter deny that his homestead was regularly set apart in that particular land and that its value was as much as $1,000.
But there is no authority that we can find for the position that the judgment debtor and those claiming under him may not show that when the homestead was allotted he did not own the reversionary interest in the land, but owned only the bare right to a homestead exemption, for the reversionary interest is not embraced in the homestead proceedings.
In the view we take of this case it is unnecessary to consider the plea of estoppel as to the judgment of 1910 set up by defendants.
Affirmed. *Page 515 
 Cited: Williams v. Johnson, 230 N.C. 344.
(466)