A. W. HICKS ET AL. v. W. D. WOOTEN.

(Filed 22 May, 1918.)

**1. Clerks of Court—Appeal and Error—Judgments—Executions—Appellant's Duty.**

While it is the clerk's duty to act primarily and send up an appeal from his judgment refusing plaintiff's motion for leave to issue execution under a dormant judgment, Revisal, sec. 620, it is the duty of the appellant to take the necessary and proper legal measures to put the case before the judge if the clerk fails to act.

**2. Same—Laches—Inexcusable Neglect.**

Where a plaintiff's motion for leave to issue execution on a dormant judgment has been denied by the clerk, Revisal, sec. 620, and he appeals therefrom in open court and defendant waives notice, and he remains inactive for two months thereafter, and then finding that his appeal has not been sent up to the judge owing to the failure of the clerk to do so, he has it sent up, the fact that the settlement by the judge thereof has not been returned to the clerk within the statutory time puts him upon notice that there has been an unreasonable delay, and the appeal should be dismissed on the ground of his inexcusable laches. Revisal, secs. 610, 611, 612, 613.

**3. Homestead—Judgments—Execution—Clerks of Court—Dormant Judgments—Motions—Statutes.**

The homestead is only a right of exemption given the debtor in his land which is set apart to him and freed from execution during its continuance (Revisal, sec. 685), and where it has been laid off to him under execution of judgment, the judgment creditor may not have leave to issue execution against the homestead upon a dormant judgment against the homestead insured in a valid deed of trust by motion under the provisions of the Revisal, sec. 620.

**4. Deeds and Conveyances—Registration—Judgments—Execution—Homestead—Clerks of Court.**

A deed to lands in trust for the benefit of creditors, reserving the homestead rights of the grantor, and duly recorded, is not affected by the lien of judgment of one of the creditor's subsequently obtained; and where the homestead has been allotted under execution of the judgment, and not set aside under reservation of the deed, the judgment creditor is not entitled to have another execution issued to revive his judgment, by his motion under Revisal, sec. 620, either as against the land embraced in the deed or included in the homestead set aside to the judgment debtor. Revisal, sec. 685.

HOKE, J., concurs in result.

APPEAL by plaintiff from judgment rendered by *Stacy, J.,* at chambers, 14 August, 1917; from NEW HANOVER.

Motion before Clerk of the Superior Court of New Hanover County, under Revisal, sec. 620, for leave to issue execution on a judgment entitled as above and rendered at January Term, 1891, of said court. Be-

fore this judgment was taken, the defendant W. D. Wooten and his wife had conveyed his real and personal property to Joel Hines by a general assignment for the benefit of his creditors, dated 26 October, 1889, and duly registered on the same day in Columbus County, where the grantors resided and the property was situated.

In the said deed of assignment, W. D. Wooten excepted his right of homestead, stating in the deed that "said homestead is not hereby conveyed or intended to be conveyed"; and again in another part of the deed, "which said homestead and personal property exceptions are to be laid off and assigned to him, the said W. D. Wooten, from the above mentioned real. and personal property, as by the laws of North Carolina he is entitled to," they having been excepted from the operation.of the deed.

In declaring the trust for the benefit of his creditors, he directs the trustee to take possession of the property and effects assigned to him and to sell the same, "after the above exemptions shall have been allotted according to law," etc. There was no allotment of a homestead by the trustee, but in February, 1891, the judgment of plaintiffs was docketed in the Superior Court of Columbus County and execution issued thereon, under which, on 21 July, 1891, the homestead of W. D. Wooten was allotted in the lands described in the deed of trust to Joel Hines, and the allotment was duly filed in the office of the clerk of the Superior Court and also duly registered at the same time. There was no levy made under the execution as there was no excess.

Joel Hines, the trustee, died and J. B. Schulken was appointed trustee in his place, and all of the preferred debts secured by the deed of trust having been paid, except the one due to the plaintiff of $684.37, and which on 27 February, 1914, amounted to $1,659.33, the trustee, J. B. Schulken, conveyed the land described in the deed of trust to J. G. McCormick in consideration of the cancellation of said indebtedness. It also appears that on 17 February, 1914, W. D. Wooten and wife conveyed the homestead to the said J. G. McCormick, the two deeds of J. B. Schulken and W. D. Wooten and wife conveying all interests in the land conveyed by the deed of trust.

It appears further that a part of the lands was held by W. D. Wooten and W. H. Wooten as tenants in common, and that on 14 March, 1896, they executed to each other deeds for a certain part of the same, to be held in severalty, thereby severing the tenancy in common, and took possession of their several parts thereof.

This motion for leave to issue execution upon the judgment was made on 30 March, 1916, and the defendant, among .other. things, set up the statute of limitations, relying on the lapse of three and ten years since the issuing of the last execution on 1 May, 1891. The matter was heard

by the clerk upon the motion and plea, and on 3 December, 1916, the clerk decided and adjudged that the statute was a bar to any relief under the motion, and thereupon denied the motion and further adjudged that defendant go without day and recover his costs of the plaintiff.

The judgment of the clerk contained a statement of the facts upon which it was based, and was shown to counsel at the time it was prepared and copies thereof given to the parties. No exceptions were filed thereto at that time, nor for more than ten days after the judgment was signed or filed, and nothing was done by either party except the giving of notice of appeal by plaintiffs and acceptance of same or waiver of notice by defendant until on or about 10 February, 1917, when the clerk sent the papers to the judge.

When the matter came up before the judge at that time the defendant entered a special appearance and moved to dismiss the appeal because the same had not been perfected in accordance with Revisal, secs. 610, 611, 612, and 613. The case was continued by the judge, with consent of the parties, until 4 August, 1917, and again until 8 August, 1917, with leave to file affidavits. The plaintiffs filed no affidavits, and the judge found that the affidavits of defendant stated the facts correctly, the same being embodied substantially in this statement so far as material. He thereupon adjudged that plaintiffs' appeal had not been perfected and prosecuted according to the statute, and dismissed the same with costs, but he also adjudged that if this was not true, the case was against the plaintiff on its legal merits and, upon the facts, he affirmed the judgment of the clerk and final judgment was entered accordingly. Plaintiffs then appealed to this Court.

*Luther A. Blue, J. Bayard Clark, and Woodus Kellum for plaintiffs.*
*Schulken, Toon & Schulken and J. G. McCormick for defendant.*

WALKER, J., after stating the case: The judge decided correctly on both grounds. It appears that within three days after the appeal was taken from his judgment the clerk prepared a statement of the case, signed the same and exhibited it to the parties, and there were no objections filed by them. Nothing else was done by the clerk or the appellants until more than two months thereafter, that is, on 10 February, 1917, when, at the request of appellants, the papers were sent to the judge. The defendant moved to dismiss the appeal, and this motion was granted. An examination of the statute will show that if the papers had been sent to the judge at the time fixed by the statute (Revisal, secs. 610 to 613), they should have been returned to the clerk with the order of the judge within twenty days afterwards, or certainly by 24 December, 1916, and as they were not filed by that time, plaintiffs should have

known that there was an unusual delay, and have ascertained the cause of it. Instead of doing this, they did nothing after they had appealed until 7 February, 1917.

The law requires litigants to be diligent in the protection and prosecution of their rights in the courts. If the judgment was not returned by the judge at the expiration of the time fixed by the statute, the appellant should have taken steps then, if not earlier, to have learned the cause and asked for the proper remedy. He will not, and should not, be permitted to lie by and let the case take care of itself. He paid absolutely no attention to the requirements of the statute, and surely did not give the case that attention which a man should give to his important business. Many appeals have been dismissed when there was greater care and diligence. It is the clerk's duty to act primarily and send up the case, but if he fails to act it then becomes the duty of appellant to be active and to take such legal measures as the law allows to put the case before the judge, by motion for a rule on the clerk to send the case up, or by *recordari* or *certiorari,* as may be appropriate. In other words, if the clerk does not perform his duty, the appellant must be careful to see that he does, otherwise there will be interminable delays to the prejudice of a proper, orderly and speedy administration of justice.

In *Sigmon v. R. R.,* 135 N. C., 181, the *Chief Justice* says that the statute, as to appeals, would not have been passed if experience had not demonstrated that its provisions were necessary for the prompt and orderly dispatch of business. And, further, that "it is the duty of the appellant to see to it that the requirements as to the appeal are complied with." And it was held in *Pitman v. Kimberly,* 92 N. C., 562, and *Bailey v. Brown,* 105 N. C., 127, that when the judge fails to settle a case on appeal within the time fixed by law, it is the duty of the appellant to act for the purpose of expediting its settlement, as he will not be heard to place all the blame on the judge. It is his duty to have the record sent up, and not the clerk's, and upon it to move for such relief as will cause the judge to settle the case so that it may be certified to this Court. The appellant must do more than merely enter his appeal and give notice, as he does not "take an appeal," if this is all he does, as was said by *Justice Ruffin* in *Wilson v. Seagle,* 84 N. C., 110. He further remarked: "So that from first to last he is the chief actor in the whole matter, and without his active agency his appeal cannot be perfected." Any diligent person would have known long before the month of February had come that there had been a failure to send up the case to the judge, or that there was unnecessary delay. It is evident that it was intended that the review of the clerk's decision should be prompt and somewhat summary as only twenty days were allowed for the whole procedure. The cases we have cited, and many others of a

like kind in our Reports, show that unnecessary delays will not be tolerated in such matters. See *Bullard v. Edwards,* 140 N. C., 644; *Stroud v. W. U. Tel. Co.,* 133 N. C., 253.

Our conclusion is that appellant was guilty of inexcusable laches, and that his appeal was properly dismissed.

But we are further of the opinion that if the appeal were not dismissed, the judge was right in his ruling as to the merits. The deed of trust was executed before the plaintiff's judgment was taken and docketed, and there is no attack made upon the deed for fraud or other cause. It therefore passed to the trustee all of defendant's property except that specially excepted, and the part thus excepted was only the defendant's homestead and no other interest in the land, all of which, with the exception noted, passed to the trustee for the benefit of W. D. Wooten's creditors. The homestead is only a right of exemption of the property which is set apart to the debtor from the claims of creditors. *Joyner v. Sugg,* 132 N. C., 580. This definition of it has been approved in *Roberson v. McDowell,* 133 N. C., 182; *Rodman v. Robinson,* 134 N. C., 505; *Davenport v. Fleming,* 154 N. C., 291; *Dalrymple v. Cole,* 156 N. C., 353 (*S. c.,* 170 N. C., 102), and many other cases.

The question presented in this case was substantially decided in *Kirkwood v. Peden,* 173 N. C., 460, and in *Davenport v. Fleming, supra.* In the first of these cases (*Kirkwood v. Peden*), it is said: "The only reason for keeping a judgment in full force and effect during the existence of the homestead is to subject the reversionary interest to its payment when the homestead expires, as such interest cannot be sold under execution during the life of the homestead. In *Bruce v. Nicholson,* 109 N. C., 202, it was said: 'The lien only attaches and secures the right of the creditor to have the judgment debt paid out of the proceeds of the sale of the property made under the ordinary process of execution or other proper process or order of the court. The lien extends to and embraces only such estate, legal or equitable, in the real property of the judgment debtor as may be sold or disposed of at the time it attached.' Therefore, where the judgment debtor has conveyed the reversionary interest before the judgment lien attaches, there is no reason to preserve the judgment in force beyond the statutory period, as has been declared in several decisions of this Court."

And in *McDonald v. Dickson,* 85 N. C., 253, it was said: "Even then (after the allotment of the homestead) the cessation of the statute is only as to debts affected by such allotment, that is, as to judgments docketed in the county where the homestead is situate, and solely with reference to their liens upon the reversionary interest in such lands. As to every debt, except judgments docketed, and for every purpose except that of enforcing their liens upon the reversionary interest after the fall-

ing in of the homestead interest, the statute runs and may become a bar." The same was held in *Morton v. Barber,* 90 N. C., 401, and other cases cited and quoted from in *Kirkwood v. Peden, supra.* That case presents the question so fully and clearly, in all of its bearings, that we refrain from any renewal of the discussion, as it would be needless. The point is that the running of the statute of limitations is not suspended, because as to all of the debtor's property or interests in property, except the homestead, the creditor could at any time proceed by execution or otherwise to enforce payment of his judgment, but here the debtor had conveyed all such property interests before the plaintiffs' judgment was rendered, subject to his homestead, on which the plaintiffs acquired no lien, and against which he could not run his execution. There was no reversion, so called, in him, which he could subject to the payment of his judgment after the expiration of the homestead, and, therefore, no reason for suspending the statute in order to preserve his rights, for he had none. The judgment is simply not protected by the Revisal, sec. 685. It was docketed after the execution of the deed of trust, and all of the debtor's property had passed to the trustee, except the homestead, which was not subject to its lien, or to an execution issued upon it.

Reference is made by defendant's counsel to *Kelly v. McLeod,* 165 N. C., 382, and *Campbell v. White,* 95 N. C., 344, in regard to another feature of this case, which it is not necessary to consider, but he evidently overlooked the fact that the Court was, in those cases, dealing with transactions which occurred long before chapter 429, Laws 1905, was enacted. Plaintiff's interest in the land in one of those cases was worth only $475, but the question becomes immaterial in this case, as it is decided on other grounds.

We can find no reason for disturbing the judgment.

No error.