### J. S. BYRD v. J. J. NIVENS, JR.

(Filed 6 May, 1925.)

**Attachment—Clerks of Court—Appeal — Statutes—Motions—Undertakings—Bond.**

Where in the husband's civil action for damages for the alienation of his wife's affection the plaintiff has given the undertaking in attachment, and the defendant has moved before the clerk of the court for an increase of the bond and appealed from the denial of his motion, and the same has been sent to the resident judge of the district accordingly, the appeal is from a question of fact as distinguished from an issue of fact, the statutes on the subject give the plaintiff the right to be heard before the judge, and where the judge, notwithstanding the plaintiff's expressed desire to be heard, proceeds without affording him this opportunity and increases his bond, his action is contrary to the requirements of the statute and ineffectual. C. S., 633, 635, 636.

APPEAL by plaintiff from judgment rendered by *Stack, J.,* at Chambers, in Monroe, N. C., 24 December, 1924.

This is a civil action for damages for alienating the affections of the wife of the plaintiff. A warrant of attachment was issued in said proceedings, and plaintiff filed $200 undertaking. The defendant filed motion to increase bond. Upon hearing the motion before the clerk, it was denied, and from this judgment the defendant appealed.

The order of the clerk is as follows:

"This cause coming on to be heard before the undersigned clerk of this court on the motion filed by the defendant in said cause under date of 9 December, 1924, and which was set for hearing under date of 11 December, 1924, and the same being heard, and after hearing the same

it is ordered and adjudged and the motion is hereby denied. Done this 11th day of December, 1924. Edgar Haywood, C. S. C.

From the foregoing judgment the defendant gave notice in open court of appeal from said judgment to the judge of the court riding this judicial district to be heard at such time and place as the said judge may appoint by agreement. . . .

The defendant also moved the court to dismiss said action on account of irregularities in the affidavit of writ of attachment and the complaint, and said motion is overruled. . . .

The defendant appealed from said ruling to the judge of the court holding the courts of this judicial district. Edgar Haywood, C. S. C."

After hearing the motion and appeal by defendant, there was no further proceedings of any kind in the premises so far as disclosed by the record until 23 December, 1924, when notice was served on plaintiff's attorney of hearing to be at Monroe on the following day at 10 o'clock a. m. before his Honor, A. M. Stack, Judge. The plaintiff's attorney wired Judge Stack on the morning of 24 December, 1924, as follows:

"Judge A. M. Stack, Monroe, N. C.

Byrd against Nivens received notice yesterday from defendant that he would move today to increase bond. Appeal irregular not compliance with statute, papers never returned to clerk since issued. Weather too inclement account heavy sleet, notice insufficient, date inopportune and under circumstances plaintiff does not consent to hear case out of district. R. T. Poole, Attorney for Plaintiff."

The decision of Judge Stack is as follows:

"The above entitled case coming on to be heard before the undersigned judge at Monroe, North Carolina, on the 24th day of December, 1924, upon the defendant's appeal from an order of the clerk of the Superior Court of Montgomery County refusing to require the plaintiff to increase the bond in attachment in this case, and the motion being heard at the time and place stated above over the plaintiff's objection, and after hearing counsel for the defendant, and examining the papers in the cause, the court is of the opinion that the bond should be increased, and, therefore, orders that the plaintiff, within ten days of the service of a copy of this order on him, give a good and sufficient undertaking in the sum of $1,000, pursuant to statute, to indemnify the defendant against damage which he may suffer by reason of said attachment, and upon failure of the plaintiff to give said bond as herein required within ten days of the service of this order upon him, then this action shall stand dismissed. The bond required above is to be in addition to the $200.00 bond already filed. This 24th day of December, 1924."

Plaintiff duly excepted, assigned error and appealed to the Supreme Court:

"1. That the statute provides how cases may be appealed from clerks of the Superior Court to the Superior Court judge, and there was no such compliance in this case.

2. Because there was not sufficient notice to the plaintiff to attend the hearing.

3. Because the judge heard the case out of the 15th Judicial District, over protest of plaintiff.

4. Because the judge made an order dismissing the plaintiff's action, if he failed to file $1,000 bond within ten days from service of copy of the order."

*R. T. Poole for plaintiff.*
*No counsel for defendant.*

CLARKSON, J. C. S., 827, is as follows: "The defendant, or person who has acquired a lien upon or interest in his property before or after it was attached, may at any time before the actual application of the attached property, or the proceeds thereof, to the payment of a judgment recovered in the action, *apply to the court having jurisdiction* to vacate or modify the warrant, *or to increase the security given by the plaintiff,* or for one or more of those forms of relief, together or in the alternative, *as in cases of other provisional remedies."* (Italics ours.)

The clerk of the Superior Court of Montgomery County, before issuance of attachment in this cause, required plaintiff to give an undertaking in the sum of $200, in accordance with C. S., 803. Defendant made a motion to increase the security given by the plaintiff from $200 to $20,000, under C. S., 827, *supra.* The clerk gave notice to the attorneys representing the parties that the motion would be heard at Troy at one o'clock, 11 December, 1924. Upon the hearing the motion of defendant was denied. The defendant appealed from the ruling of the clerk.

C. S., 633, is as follows:

"Appeals lie to the judge of the Superior Court having jurisdiction, either in term time or vacation, from judgments of the clerk of the Superior Court in all matters of law or legal inference. In case of such transfer or appeal, neither party need give an undertaking for costs; and the clerk shall transmit, on the transfer or appeal, to the Superior Court, or to the judge thereof, the pleadings, or other papers, on which the issues of fact or of law arise. An appeal must be taken within ten days after the entry of the order or judgment of the clerk. But an appeal can only be taken by a party aggrieved, who appeared and moved for, or opposed, the order or judgment appealed from, or who,

being entitled to be heard thereon, had no opportunity of being heard, which fact may be shown by affidavit or other proof."

C. S., 635. "On such appeal, the clerk, within three days thereafter, shall prepare and sign a statement of the case, of his decision and of the appeal, and exhibit such statement to the parties or their attorneys on request. If the statement is satisfactory, the parties or their attorneys must sign it. If either objects to the statement as partial or erroneous, he may put his objections in writing, and the clerk shall attach the writing to his statement, and within two days thereafter he shall send such statement, together with the objections, and copies of all necessary papers, by mail or otherwise, to the judge residing in the district, or in his absence to the judge holding the courts of the district, for his decision."

C. S., 636. "It is the duty of the judge on receiving a statement of appeal from the clerk, or the copy of the record of an issue of law, to decide the questions presented within ten days. But if he has been informed in writing, by the attorney of either party, that he desires to be heard on the questions, the judge shall fix a time and place for the hearing, and give the attorneys of both parties reasonable notice. He must transmit his decision in writing, endorsed on or attached to the record, to the clerk of the court, who shall immediately acknowledge its receipt, and within three days after notify the attorneys of the parties of the decision and, on request and the payment of his legal fees, give them a copy thereof, and the parties receiving such notice may proceed thereafter according to law."

In *Cushing v. Styron,* 104 N. C., p. 338, *Merrimon, C. J.,* said: "The clerk of the court, acting as and for the court, had authority, out of term time, to grant the warrant of attachment (The Code, sec. 351) (now C. S., 801), and, likewise, to allow all proper amendments in that respect and connection. (The Code, sec. 251, 273) (now substantially C. S., 403-547.) From his decision an appeal lay to the judge, which might be taken within ten days after the entry of the order or judgment complained of, and, within three days after the appeal was taken, it was the duty of the clerk to 'prepare a statement of the case, of his decision and of the appeal,' and sign the same. He should, within that time, have exhibited this statement to the parties or their attorneys; if it were satisfactory, the parties or their attorneys should have signed the same; if either party objected to the statement as partial or erroneous, he should have put his objection in writing, and this objection should have been attached to the statement of the case. Within two days after this was done, the clerk should have sent such statement and the objections, and copies of all necessary papers, by mail, or otherwise, to the judge for his decision. (The Code,

secs. 252, 253, 254) (now substantially C. S., 632, 633 and 635, *supra.*) *Palmer v. Bosher,* 71 N. C., 291."

In *Ledbetter v. Pinner,* 120 N. C., 455, it was held, at p. 457: "From the very nature of the proceedings on appeal from the clerk to the judge, it is clear that such appeals can be heard at chambers *and anywhere in the district.*" (Italics ours.) And at p. 458: "The only controverted fact arising on the pleadings was as to the advisability of a sale for partition or an actual division. This was not an issue of fact, but a question of fact for the decision of the clerk in the first instance, subject to review by the judge on appeal." *Tayloe v. Carrow,* 156 N. C., p. 6.

In the present case, it was not "an issue of fact" to be determined by a jury, "but a question of fact" for the clerk, and, on appeal, subject to review by the judge. Under the facts and circumstances, as appear of record, we do not think C. S., 633, 635 and 636, *supra,* have been substantially complied with by defendant. *Hicks v. Wooten,* 175 N. C., 597. We do not think that "the judge residing in the district, or in his absence the judge holding the courts for the district," can hear the questions and render a decision out of the district. Reasonable notice must be given the attorneys of both parties. Of course, these provisions can be, under certain circumstances, by agreement of parties, changed or waived.

We find nothing in the record showing either that the provisions were waived or any agreement to waive same. On the contrary, plaintiff, from the record, is standing strictly on his legal rights.

The judgment below is

Reversed.