MRS. ANNIE McLAWHORN v. R. W. SMITH AND HIS WIFE, CORA E. SMITH, AND B. F. STOKES AND HIS WIFE, HATTIE STOKES.

(Filed 28 April, 1937.)

1. **Courts § 2c—Appeal from clerk in dower proceeding in which questions of law and fact are raised by pleadings held governed by C. S., 634.**

   In this proceeding for the allotment of dower, issues of law and of fact were raised by the pleadings, and at the hearing before the clerk the parties waived jury trial and filed a statement of facts agreed. Upon rendition of judgment on the facts agreed by the clerk, plaintiff excepted to the judgment adverse to her, appealed to the Superior Court in term time, gave notice of appeal at the time judgment was signed, and further notice was waived by defendants, and the clerk transferred the appeal to the civil issue docket as required by C. S., 634. *Held:* The appeal is governed by C. S., 634, and judgment of the Superior Court dismissing the appeal on the ground that plaintiff was guilty of laches in failing to have the clerk prepare and forward to the judge a transcript of the record as required by C. S., 635, is error, C. S., 635, not being applicable to the appeal.

2. **Dower § 2—Widow is not entitled to dower in land conveyed before marriage by husband in defraud of creditors, even though deed is later set aside.**

   The owner of land, prior to his marriage, deeded certain lands to his mother. Thereafter the deed was set aside by his creditors as being fraudulent as to them, the judgment in the action being entered subse-

17—211

McLawhorn v. Smith.

quent to his marriage, although the action was instituted and notice of *lis pendens* was filed before the marriage. *Held:* The deed conveyed title as between the grantor and grantee, although it was executed to delay, hinder, and defraud creditors, and the judgment setting aside the deed reinvested the grantor with title only for the purposes of subjecting the land to sale for the benefit of his creditors, and did not affect the title as between the grantor and the grantee, and upon the death of the grantor, his widow is not entitled to dower therein, since her husband was never beneficially seized of title during coverture.

APPEAL by plaintiff from *Sinclair, J.,* at September Term, 1936, of PITT. Affirmed.

This is a special proceeding for the allotment to the plaintiff as widow of Ed McLawhorn of a dower in land situate in Pitt County, North Carolina, of which the said Ed McLawhorn was seized and possessed during his marriage to the plaintiff.

The proceeding was begun before the clerk of the Superior Court of Pitt County, and was heard by said clerk on 13 August, 1936, on a statement of facts agreed. The said statement is as follows:

"The plaintiff and the defendants expressly waive a trial by jury and agree that the facts out of which this controversy arose are undisputed and are as follows:

"1. That on and prior to 26 January, 1921, Ed McLawhorn, late of the county of Pitt, owned in fee simple and was in possession of a tract of land lying and being in Pitt County, North Carolina, near the town of Ayden, containing 62½ acres, more or less, and known as the B. A. Jones land, said tract of land being fully described by metes and bounds in a deed from Exum Dail and wife to Ed McLawhorn recorded in the office of the register of deeds of Pitt County on 11 October, 1912, in Book G-10, at page 63.

"2. That thereafter, to wit: On 26 January, 1921, the said Ed McLawhorn, for the purpose of defrauding his creditors, made a voluntary conveyance of said tract of land to his mother, Nancy McLawhorn, by deed duly recorded in the office of the register of deeds of Pitt County on 29 January, 1921, in Book S-13, at page 513.

"3. That on 12 April, 1921, a civil action was instituted in the Superior Court of Pitt County by the Bank of Ayden, a creditor of Ed McLawhorn, against the said Ed McLawhorn and Nancy McLawhorn, his mother, for the purpose of having the deed made by Ed McLawhorn to his mother, Nancy McLawhorn, of record in Book S-13, at page 313, set aside, vacated, and declared null and void, for fraud.

"4. That concurrently with the commencement of the action referred to in paragraph 3 above, the Bank of Ayden, plaintiff in said action, caused to be filed in the office of the clerk of the Superior Court of Pitt County, against Ed McLawhorn and his mother, Nancy McLawhorn, a

notice of *lis pendens* in due form, a copy of which is hereto attached, marked 'Exhibit 1,' and is made a part of this agreed statement of facts.

"5. That thereafter, to wit: At the April Term, 1926, of the Superior Court of Pitt County, said action was heard and verdict rendered and judgment signed and entered, as appears of record in Judgment Docket No. 29, at page 247, a copy of which is hereto attached, marked 'Exhibit 2,' and is made a part of this agreed statement of facts.

"6. That, among other things, said judgment provided as follows: '. . . . And it is further considered, ordered, and adjudged that the plaintiff be and it is hereby declared to have an equitable lien upon the said tract of land on and from 12 April, 1921, the date of the filing of the *lis pendens* in the office of the clerk of the Superior Court of Pitt County, and the date of the commencement of this action, for the full amount of this judgment, which said lien is hereby declared to be prior to any lien which may have been placed against said property or any judgment which may have been secured against the said Ed McLawhorn subsequent to the filing of the said *lis pendens,* which said *lis pendens* is recorded in Lis Pendens Docket No. 1, at page 1, the court being of the opinion that the plaintiff is entitled to have such lien, and that such lien shall have priority over all other liens recorded since the date of the filing of the said *lis pendens,* by reason of the plaintiff's diligence in prosecuting this action to judgment.'

"7. That at the time of the commencement of the action, and at the time of the filing of the notice of *lis pendens,* to wit: 12 April, 1921, the said Ed McLawhorn was unmarried.

"8. That the said Ed McLawhorn and the plaintiff Mrs. Annie M. McLawhorn were lawfully married on 22 December, 1921, and thereafter lived together as husband and wife until 11 July, 1930, when the said Ed McLawhorn died intestate; that of the said marriage there were born to the said Ed McLawhorn and Annie McLawhorn several children, who are now living.

"9. That after judgment was entered as set forth in paragraph 5 above, upon the petition of Ed McLawhorn, his homestead was set apart and allotted to him in said land, and the said tract of land, subject to the homestead, was sold by commissioners of the court to R. W. Smith for the sum of $11,500, as will appear by reference to deed recorded in Book M-16, at page 240, in the office of the register of deeds of Pitt County.

"10. That Mrs. Annie McLawhorn, widow of Ed McLawhorn, was not a party to the action to set aside the fraudulent deed of Ed McLawhorn, the said Ed McLawhorn not having married the said Annie McLawhorn until 22 December, 1921, after the institution of said action and the filing of the said notice to *lis pendens.*

"11. That on 22 December, 1929, R. W. Smith and his wife, Cora E. Smith, for a valuable consideration, conveyed said land to the defendant B. F. Stokes, by deed of record in Book E-17, at page 599, in the office of the register of deeds of Pitt County, and on the same day B. F. Stokes and his wife, Hattie Stokes, executed to the said R. W. Smith a mortgage deed therein for the purpose of securing the purchase price to be paid for said land."

On the foregoing facts, the plaintiff Mrs. Annie McLawhorn contends:

That as the widow of Ed McLawhorn, by reason of the fact that said Ed McLawhorn was seized in fee of said land during her coverture, that no valid encumbrance rested on said land prior to her coverture, and that she did not by her free consent encumber or convey her inchoate dower interest in said land during her coverture, or subsequent thereto, she is entitled to have secured to her her dower in said tract of land under the Constitution and laws of the State of North Carolina.

On the foregoing facts, the defendants contend:

That the revesting of title to said land in the said Ed McLawhorn, as decreed in said judgment, and the attachment of the Bank of Ayden's judgment, occurred and attached concurrently and simultaneously, and dated, existed, and attached as expressly provided in said judgment, on and from 12 April, 1921, and that by reason thereof any dower interest which the plaintiff may have had in said land was subject and subordinate to the lien of the Bank of Ayden's judgment, for that the plaintiff, on 12 April, 1921, had not married the said Ed McLawhorn, the judgment debtor, and that her marriage to the said judgment debtor, after the filing of the notice of *lis pendens,* and the attachment of said lien, did not and could not vest in the plaintiff any rights, interests, or claims superior to said lien, and that by reason of the conduct of the plaintiff as widow of the judgment debtor, in respect to the homestead, she in any event made an election of her remedy, and ratified the sale of the land to R. W. Smith, and is now estopped to claim dower in said land.

At the hearing of the proceeding before the clerk of the Superior Court of Pitt County, the court was of opinion that on the facts agreed, the revesting of the title to the land described in the deed from Ed McLawhorn to his mother, Nancy McLawhorn, pursuant to the judgment in the action instituted by the Bank of Ayden against Ed McLawhorn and Nancy McLawhorn, in the said Ed McLawhorn, and the attachment of said judgment occurred concurrently and simultaneously, as provided by said judgment on 12 April, 1921, and that any dower interest which the plaintiff may have had in said land was subject and subordinate to the lien of said judgment, and that for that reason the defendant R. W. Smith, as purchaser at the sale of said land made by commissioners under said judgment, took title to said land free and discharged from

any dower interest in said land of the plaintiff, by reason of her marriage to Ed McLawhorn on 22 December, 1921.

It was accordingly ordered and adjudged by the court that the plaintiff is not entitled to the allotment to her of a dower in the land described in her petition, but that the defendant R. W. Smith, and those who claim under him, are now the owners of the said land freed and discharged from any claim to dower by the plaintiff.

This judgment was rendered and signed on 13 August, 1936. The plaintiff excepted to the judgment and appealed to the Superior Court of Pitt County, in term time. Further notice was waived by the defendants.

Plaintiff's appeal from the judgment of the clerk of the Superior Court of Pitt County was heard by the judge presiding at the September Term, 1936, of said court. At said hearing, the defendants moved that said appeal be dismissed for that plaintiff had failed to perfect her said appeal by causing a transcript of the record in the proceeding to be prepared by the clerk of the Superior Court of Pitt County and forwarded to the judge of said court, as required by C. S., 635. A ruling on said motion was reserved by the judge, who then heard plaintiff's appeal on its merits.

At said hearing it was ordered, considered, and adjudged by the court that the appeal of the plaintiff be and the same was dismissed, in accordance with the motion of the defendants, because of her failure to comply with the provisions of C. S., 635, with respect to said appeal, and that the judgment of the clerk of the Superior Court of Pitt County be and the same was affirmed in all respects. The plaintiff appealed to the Supreme Court, assigning error in the order dismissing her appeal and in the judgment affirming the judgment of the clerk of the Superior Court of Pitt County.

*Harding & Lee and Roberts & Williford for plaintiff.*
*Albion Dunn for defendants.*

Connor, J. At the hearing by the judge presiding at the September Term, 1936, of the Superior Court of Pitt County, of defendants' motion that plaintiff's appeal from the judgment of the clerk of said court be dismissed, it was made to appear to the judge, and the judge found, that plaintiff had failed to cause a transcript of the record in the proceeding to be prepared by the clerk and forwarded to the judge, as required by C. S., 635, and that such failure was due to the laches of the plaintiff. On these findings, it was ordered by the judge that plaintiff's appeal be and the same was dismissed. The plaintiff did not except to the findings by the judge. She did except, however, to the order dismissing her

appeal from the judgment of the clerk, and on her appeal to this Court assigns same as error.

If C. S., 635, is applicable to plaintiff's appeal from the judgment of the clerk of the Superior Court of Pitt County, there was no error in the order dismissing her appeal. *Hicks v. Wooten,* 175 N. C., 597, 96 S. E., 107. In that case it was held by this Court that on the finding by the judge that plaintiff, who had appealed from an order of the clerk denying plaintiff's motion that an execution be issued on a judgment which the plaintiff had recovered against the defendant, had been guilty of laches in failing to have the clerk to prepare and forward to the judge a transcript of the record, as required by C. S., 635, plaintiff's appeal had been properly dismissed by the judge.

In this proceeding, however, issues of law and of fact were raised on the pleadings which had been filed before the clerk. At the hearing of the proceeding by the clerk, the parties waived a trial by jury of the issues of fact, and filed with the clerk a statement on facts agreed. On these facts the clerk rendered a judgment adverse to the plaintiff. The plaintiff excepted to the judgment, and appealed to the Superior Court in term time. Notice of appeal was given by the plaintiff at the time the judgment was signed. The defendants waived further notice. The clerk thereafter transferred the proceeding to the civil issue docket of the Superior Court of Pitt County, as required by C. S., 634. The proceeding was heard on plaintiff's appeal from the judgment of the clerk at the next ensuing term of the court. At this hearing no issues of fact were submitted to a jury. The proceeding was heard on the statement of facts agreed which had been submitted to the clerk.

On the facts disclosed by the record, we are of opinion that C. S., 634, and not 635, was applicable to plaintiff's appeal from the judgment of the clerk of the Superior Court of Pitt County, and that there was error in the order of the judge dismissing plaintiff's appeal on his finding that plaintiff had failed to perfect her appeal, as required by C. S., 635.

Notwithstanding his order dismissing plaintiff's appeal from the judgment of the clerk of the Superior Court in this proceeding, the judge considered the appeal on its merits (see *Hicks v. Wooten, supra*), and being of opinion that on the facts agreed the plaintiff is not entitled to dower in the land described in her petition, rendered judgment accordingly. Plaintiff excepted to the judgment and appealed to the Supreme Court, assigning same as error. Her assignment of error cannot be sustained.

In *Holt v. Lynch,* 201 N. C., 404, 160 S. E., 469, it is said: "Dower is a life estate to which a married woman is entitled upon the death of her husband intestate, or in case of her dissent from his will, being one-third in value of all the lands, tenements, and hereditaments, legal and

equitable, of which her husband was beneficially seized in law or in fact at any time during coverture, and which her issue might by possibility inherit as heir to the husband. *Chemical Co. v. Walston,* 187 N. C., 817, 123 S. E., 196."

In the instant case, plaintiff's husband was not seized of the land described in her petition at the date of her marriage to him, to wit: 22 December, 1921. By his deed dated 26 January, 1921, he had theretofore conveyed the land to his mother. This deed, although made by plaintiff's husband with intent to hinder, delay, and defraud his creditors, was good and effective as a conveyance of the land as between him as grantor and his mother as grantee. It was void only as against creditors. *Saunders v. Lee,* 101 N. C., 3, 7 S. E., 590. When the deed was set aside and declared void by the judgment in the action instituted by the Bank of Ayden against the grantor and the grantee in the deed, the title did not revest in plaintiff's husband except for the purpose of subjecting the land to sale for the payment of his creditors. The title did not revest in plaintiff's husband as against his mother, the grantee in the deed dated 26 January, 1921. Plaintiff's husband was not seized beneficially of the land at any time during her marriage to him, and she is therefore not entitled to dower in the land.

"A conveyance of lands by a husband before marriage in fraud of his creditors effectually bars his widow's dower therein, for the conveyance is binding on him, and she can claim only through his title. This has been held, although such conveyance was subsequently set aside by the husband's creditors." 19 C. J., 515, section 162, and cases cited in notes.

There is no error in the judgment. It is
Affirmed.